ELIZABETH P. YOUNG *vs.* SYLVANUS MAKEPEACE.

The mode of enforcing a judgment for costs in a bastardy process is by execution in the form usual in civil cases.

In taxing costs on a judgment in the superior court, the certificate of the clerk of a police court is *primâ facie* evidence of the amount of items which accrued there.

When witnesses are summoned in a civil case by a disinterested person who is not an officer, it is discretionary with the court to tax in the costs a reasonable compensation for the service, not exceeding what would be allowed to an officer.

In taxing costs in the superior court, the determination of the judge that the certificates of witnesses are duly signed is not subject to revision on appeal.

o

BASTARDY PROCESS. After the decision reported 103 **Mass.** 54, the defendant appealed to the superior court from the taxation of the complainant's costs by the clerk, and at the same time objected " that this was not a case wherein costs were to be taxed and collected on execution in the usual manner prescribed in civil :ases, wherein special provisions are made for the taxation of costs and recovery thereof on execution, but if the complainant was entitled to costs the same could lawfully be collected only as part of the penalty on the original bond, (which it appeared was given by the defendant before the municipal court of the city of Taunton, on which the defendant had been defaulted in the superior court, as appears of record,) that the proper amount of costs should be fixed and determined upon by a hearing under the direction of the court, in ascertaining the amount for which execution should issue in final judgment on a suit upon said bond, that the complainant had a right to recover it as a part of the penalty of the bond, and that the defendant had a right to insist upon its being so recovered." But *Reed*, J., overruled this objection. The defendant then contended " that said costs could be collected only upon a warrant ordering him to be committed until he had complied with the order of the court, as prescribed by statute, upon judgment of affiliation ; that the court (as appeared of record) had ordered a warrant of commitment to issue upon the original order of the court on judgment of affiliation, in which warrant (as the defendant claimed, erroneously) the order to pay costs was expressly excluded." But this objection also was overruled.

Upon the hearing, the judge affirmed the clerk's taxation of the costs ; and the defendant appealed to this court, and also alleged exceptions to the foregoing rulings. The facts relating to the items of costs in dispute appear in the opinion.

*J. Brown*, for the defendant.

*S. R. Townsend*, for the complainant.

MORTON, J. The superior court passed the usual order of affiliation, and issued a warrant of commitment to enforce it. The defendant was arrested upon this warrant, and gave the bond required by the order. The principal question in this case is

whether the court could afterwards rightfully issue an execution in the form common in civil cases, to enforce its judgment in favor of the plaintiff for costs of suit.   The defendant concedes that she is entitled to recover her costs.   *Young* v. *Makepeace*, 103 Mass. 50, 54.   But he claims that her judgment therefor can only be enforced by a suit upon the bond given at the inception of the proceedings, or by committing the defendant upon the warrant issued under the order of affiliation.   But we think it clear that the judgment for costs cannot be enforced in either of these modes.

The original bond, first required in the proceedings, is for the purpose of securing the personal attendance of the defendant in the superior court, to abide such order as the court may pass; and if he is personally present to submit himself to the order of the court, the condition of the bond is performed, and the sureties are discharged.   They are not liable for the payment of the sums ordered to be paid towards the maintenance of the child, nor for the costs of suit.   *Towns* v. *Hale*, 2 Gray, 199.   *Power* v. *Fenno*, 10 Gray, 249.

The seventh section of chapter 72 of the General Statutes provides that if the defendant is found guilty, or is defaulted, "he shall be adjudged by the court to be the father of such child, and shall stand charged with the maintenance thereof, with the assistance of the mother, in such manner as the court shall order ; and shall give bond with sufficient sureties to perform said order, and also to indemnify and save harmless against all charges of maintenance her parents and any city or town, or the state, chargeable with the maintenance of such child ; and he may be committed to prison until he gives such bond."   This provides a special mode for enforcing the order of affiliation ; but it does not reach the judgment for costs.   The court have not the power to order that the defendant give bond for the payment of costs, or that he be committed under the warrant until he pays them or gives such bond.   The incidents of a commitment under the warrant thus authorized, and the rights of the defendant, are quite different from those attending a commitment upon an execution for debt or costs in a civil suit.   When committed upon such

warrant, he must be imprisoned one hundred and twenty days at least before he can have the benefit of the laws for the relief of poor prisoners; Gen. Sts. c. 72, § 11; *Doherty* v. *Clark*, 3 Allen, 151; while upon a commitment upon an execution for debt or costs, the defendant may have the benefit of such laws, and be discharged from imprisonment within a few days after his arrest. Gen. Sts. c. 124. It is clear therefore that the judgment for costs cannot be enforced under the warrant for commitment provided for in the seventh section.

The statutes in regard to the maintenance of bastard children have made no special provision as to the mode of enforcing the judgment for costs. But they provide that " prosecutions under this chapter, except as herein otherwise expressly provided, shall be according to the course of proceedings in civil cases." Gen. Sts. c. 72, § 13. We are of opinion that the laws applicable to civil cases govern this case; and that the plaintiff, having recovered a judgment for costs, is entitled to an execution therefor in the form usual in civil cases.

The defendant objects to several items in the bill of costs as taxed by the clerk and allowed by the superior court upon an appeal:

1. The certificate of the clerk of the municipal court of Taunton was at least *primâ facie* evidence of the amount of costs which had accrued in the plaintiff's favor in that court, and in the absence of any further evidence justified the superior court in allowing the amount thus certified.

2. A summons for witnesses may be served by any disinterested person. Gen. Sts. c. 131, § 2. When a summons is thus served, we think it is within the discretion of the court to which it is returnable, to allow and tax a reasonable compensation for such service, not exceeding that allowed to officers for the same service.

3. It was a question of fact, for the judge of the superior court to determine, whether the certificates of the witnesses were signed by the witnesses personally, or by agents duly authorized, and we cannot revise his finding thereon. *Exceptions overruled.*