### MARY MCGRATH *vs.* WILLIAM CONWAY & others.

Hampden.   Sept. 21. — Dec. 3, 1874.   MORTON & ENDICOTT, JJ.,
absent.

A person charged under the bastardy act with being the father of a bastard child, executed a penal bond, payable to the plaintiff, conditioned that he should appear at the next term of the Superior Court and answer to the complaint. At that term he was defaulted, and the case was continued without further action on the complaint. *Held*, that there was a breach of the bond for which nominal damages were recoverable. *Held, also*, that if, by the defendant's failure to comply with a subsequent order in the original process, a further sum should become due on the bond, the plaintiff could sue out a *scire facias* on the judgment, and obtain a new execution for the damages caused by such additional breach.

CONTRACT against the principal and sureties upon a penal bond, dated February 15, 1873, payable to the plaintiff, and conditioned that the defendant Conway should appear at the March term 1873 of the Superior Court at Springfield, and answer to a complaint made by the plaintiff on her examination on oath before the Police Court of Chicopee, charging him with being the father of a bastard child of which she had been delivered, and that he should abide the order of the Superior Court thereon.

The case was heard in the Superior Court by *Aldrich*, J., without a jury, who allowed a bill of exceptions in substance as follows:

The only question in issue was whether there had been a breach of the bond, it being agreed by the parties that if a breach had occurred, the case should be sent to an assessor to determine the amount recoverable. The execution of the bond was admitted. It appeared by the records of the court that the plaintiff duly entered her complaint in the Superior Court, and that the defendant was then defaulted, and made no answer to the complaint. No judgment was made that Conway was the father of the child, nor other proceeding had on said complaint, but the case was continued.

The judge found that after the default there was no adjudication of affiliation nor any other order of the court passed; that there was no evidence offered except the fact of default; that the defendant Conway was not personally present in court at the time of the default; and that there was no evidence that he was not

ready or would not have been present and ready to abide the final order of the court, if such order had been passed.

The judge ruled upon this evidence that the plaintiff was not entitled to maintain her action, and the plaintiff alleged exceptions.

*G. D. Robinson*, for the plaintiff.

*E. B. Gillett & H. B. Stevens*, for the defendants.

AMES, J. The condition of the bond, according to the literal import of its terms, requires that the defendant in the original process should appear at the term at which it was returnable. It is true that, under the changes introduced into the practice in cases of this kind, by the Gen. Sts. *c.* 72, § 7, the personal appearance of the defendant has not the importance which it had under the earlier statutes; *Jordan* v. *Lovejoy*, 20 Pick. 86 ; and the decree of affiliation may be passed, whether he appears or not. *Young* v. *Makepeace*, 103 Mass. 50. But as he has distinctly bound himself to appear, his failure to do so must necessarily be considered as technically and formally a breach of the bond. The plaintiff is therefore entitled to maintain her suit, and to have judgment for the penalty of the bond, subject, however, to the provisions of the Gen. Sts. *c.* 133, §§ 9, 10, that execution shall issue only for so much of the penal sum as is then due and payable in equity and good conscience, for the breach of the condition ; that is to say, for a nominal sum only for this particular breach. If by his failure to comply with such further or final order as the court may pass, in the original process, any further sum should become due on the bond, she can sue out a *scire facias* on the judgment, and obtain a new execution for the damages caused by such additional breach.

*Exceptions sustained.*