## WILLIAM HANLAN'S CASE.

Plymouth.   October 19. — 20, 1875.   AMES & MORTON, JJ., absent.

If the sureties, on a bond given by the respondent on a complaint under the bastardy act for his appearance in the Superior Court, and to abide the order of the court thereon, surrender their principal in the Superior Court, that court has no authority under the Gen. Sts. c. 72, §§ 4, 5, to order the respondent to be committed to abide the further order of the court, but only to order him to give a new bond and to stand committed until he complies with that order.

HABEAS CORPUS.   The petitioner, who was arrested November 9, 1874, upon a warrant issued by the Second District Court of Plymouth, upon the complaint of Mary McQueeney under the bastardy act, was brought before that court and there gave bond with surety for his appearance to answer the complaint in the Superior Court, and abide the order of the court thereon.   At the return term of the Superior Court, the surety in the bond surrendered his principal in open court, and he was committed to the Plymouth County Jail under an order of the Superior Court "to abide the further order of the court," and was there held in custody under this order until July 22, 1875, when he made application to *Wells*, J., for a writ of *habeas corpus*, and the writ issued accordingly to the keeper of the jail.

Upon these facts the judge reported the case to the full court, such order to be made therein as law and justice might require.

*C. A. Williams*, for the petitioner.

*J. F. Simmons*, contra.

DEVENS, J.   The bond which may be required by the court or justice in a process of this character under the Gen. Sts. c. 72, § 4, for the appearance of the respondent at the Superior Court, is to remain in force until final judgment.   Gen. Sts. c. 72, § 5.   But it is further provided by § 5, "that if the sureties in the bond at any term of said court object to being longer held liable, or if the court for any cause deems it proper, the court may order a new bond to be taken; and the defendant shall stand committed until he gives such new bond."

This provision does not enable the sureties in such a bond to discharge themselves, as the sureties in a bail bond at common law may, by a surrender of their principal in open court, or as

the sureties may in a bond taken for the appearance of the defendant before the court or magistrate by whom the preliminary examination in a complaint of this character is made. St. of 1863, *c.* 127, §§ 1–3. It contemplates an action by the court upon the objection by the sureties to being longer held liable, and an order thereupon for a new bond, and for the principal to stand committed until he gives such new bond. Until this action is taken by the court, the bond originally given continues in force.

In the present case no new bond was ordered. The petitioner was not committed for failing to furnish such new bond, but simply to abide the further order of the court. For such a commitment no authority is found in the statute. The authority of the court to act is derived solely from the statute; the provisions for a bond and for the action which may be taken in reference to it being entirely statutory in their character. To warrant the commitment there should first have been an order to give a new bond, and the commitment should have been made for non-compliance with such order. *M'Hugh, petitioner,* 3 Cush. 452.

*Petitioner discharged.*