## MARY TRACY *vs.* CHARLES HOWE & others.

Bristol. October 27. — December 4, 1875. MORTON, J., absent.

A person charged under the bastardy act with being the father of a bastard child, executed a bond, payable to the plaintiff, conditioned that he should appear at the next term of the Superior Court, answer to the complaint, and abide the order of the court thereon. The defendant duly appeared and answered, and was defaulted at the trial. *Held,* that there was a breach of the bond.

CONTRACT against Charles Howe as principal, and Andrew Riley and Patrick B. Wallace as sureties, upon a bond, dated December 5, 1873, payable to the plaintiff, and conditioned that the defendant Howe should appear at the next December term of the Superior Court at New Bedford, and answer to a complaint made by the plaintiff on her examination on oath before the Municipal Court of Taunton, charging him with being the father of a bastard child of which she was pregnant, and that he should abide the order of the Superior Court thereon. The answer of the defendants admitted the execution of the bond, but denied each and every other allegation in the plaintiff's declaration.

At the trial in the Superior Court, before *Wilkinson,* J., without a jury, the plaintiff introduced the record on the clerk's docket of her complaint, under the bastardy process, against Charles Howe, the principal named in the bond, by which it appeared that her complaint was entered at December term 1873 of the Superior Court; that the respondent appeared by his attorney at that term; that the supplementary complaint was filed June 9, 1874; that an answer, containing a general denial was filed August 5, 1874; that trial by jury was demanded September 3, 1874; that the defendant was defaulted May 10, 1875, and the order of affiliation was passed May 13, 1875. The plaintiff then rested her case.

The defendants declined to offer any evidence, and requested the judge to rule, as matter of law, that the evidence of the plain-

tiff was insufficient to warrant a finding that there had been a breach of the condition of the bond, or such a breach as to authorize a judgment for the plaintiff.

The judge refused so to rule, but found for the plaintiff, and ordered judgment for the penalty of the bond, and execution to issue for the sum due to September 30, 1875. The defendants alleged exceptions.

*S. R. Townsend,* for Howe and Wallace.

*G. E. Williams,* for Riley.

*J. Brown,* for the plaintiff, submitted the case without argument.

AMES, J. The difficulty with the defence relied upon is that it contradicts the record of the court. By the terms of the bond, the principal obligor was bound to appear and abide the order of the court. He does not fulfil this obligation by merely entering an appearance and filing an answer, denying the charge against him. He is bound to be in court when the case is in order for trial, and his default, as entered of record, is conclusive proof of the fact that, although solemnly called, he did not appear. In this state of the case, it was impossible that the court could do otherwise than rule that there had been such a breach of the condition of the bond as to authorize a judgment for the plaintiff. *McGrath* v. *Conway*, 116 Mass. 360. As this is the only question raised by the defendants, the result must be that their

*Exceptions are overruled.*