ELIZABETH B. BARNES *vs.* CHARLES E. CHASE & others.

Essex.    Nov. 5, 1879. — Jan. 21, 1880.    COLT & AMES, JJ., absent.

In an action against the sureties on a bond, given by a person adjudged to be the father of a bastard child, as security for the payment, according to the order of the court, of a certain sum for the maintenance of the child, judgment should be entered for the penal sum named in the bond, without deducting payments made by the principal under that order; but execution should issue for the amount due under the order which the principal has failed to pay.

CONTRACT on a bond in the penal sum of $500, executed by Allen M. Norton, as principal, and the defendants as sureties, and conditioned that Norton, who had been accused by the plaintiff of being the father of a bastard child of which she was pregnant, should appear at the time and place named therein and answer to the complaint against him, and abide the order of the court thereon.

At the trial in the Superior Court, before *Gardner*, J., without a jury, the defendants admitted a breach of the bond, and produced the record of the court on the original complaint, by which Norton was adjudged to be the father of said child, and was ordered to pay for the maintenance thereof "one hundred

dollars in gross forthwith, and two dollars a week afterwards, payable quarterly, till further order."

The defendants put in evidence receipts from the plaintiff of payments of money made to her by Norton, amounting to $317.50, which they contended should be applied on the penalty of the bond. It was admitted that $52 had been paid by the defendants, and should be allowed as payment upon the bond. The plaintiff testified that Norton had never paid anything in addition to the above payments under the order for the support of the child. The defendants asked the judge to rule that Norton was under no legal obligation or indebtedness except under the bond; and that the above payments made by him ought to be applied upon the penalty of the bond.

The judge refused so to rule; found that there was a breach of the bond and that judgment should be entered for the penal sum of the bond; that the sureties had paid $52; that Norton had paid the plaintiff $317.50; and that there was due under the order of the court $105.50; ruled that the payment by Norton did not absolve the sureties from liability; and ordered that execution issue for $105.50.

The defendants alleged exceptions.

*T. B. Newhall & R. E. Harmon*, for the defendants.

*W. H. Niles*, for the plaintiff.

ENDICOTT, J. The sureties on the bond could not be held liable for more than the penal sum named in the bond, but that sum was not the limit of the liability of the principal. He was bound to pay, according to the order of the court, " one hundred dollars in gross forthwith, and two dollars a week afterwards, payable quarterly, till further order." No other order appears to have been passed, and the bond stood as security for such payment. So long as Norton complied with the terms of the order, the sureties were not liable. When he failed to comply, there was a breach of the bond, and the plaintiff was entitled to judgment for the penalty of the bond. In what sum execution should issue would depend upon the amount due under the order which had not been paid. What portion had been paid by Norton in obedience to the order could not be deducted from the penalty of the bond. The presiding judge found that there was a breach of the bond, upon which judgment should be entered

for the penal sum named. He therefore properly decided that the amount for which execution should issue was the sum due under the order which the principal had failed to pay.

*Exceptions overruled.*