NELLIE DINEEN *vs.* JOHN WILLIAMS & another.

Essex. Nov. 6, 1884. — Jan. 10, 1885. FIELD & C. ALLEN, JJ., absent.

A person charged under the bastardy act with being the father of a bastard child was ordered to give bonds to appear and answer to the complaint at the next term of the Superior Court, to be holden on a day named, and to abide the order of the court thereon. In default of giving the bond, he was committed to jail. After the first day of the term he gave a bond conditioned as required in the order, and was released from jail. The complaint was not entered at the term of the Superior Court at which he was ordered to appear; but, at the next term, that court allowed the complaint to be entered as of the previous term. He was afterwards defaulted, adjudged to be the father of the child, and to stand charged with its maintenance, with which decree he failed to comply. *Held*, that there was a breach of the bond. *Held, also*, that a surety on the bond was liable, it not appearing that he had been injured by the delay.

CONTRACT, against John Williams as principal, and Dennis McCarthy as surety, upon a bond dated December 12, 1882, payable to the plaintiff, and conditioned that Williams should appear at the term of the Superior Court next to be holden at

Salem, in the county of Essex, on the first Monday of December, 1882, and answer to a complaint made by the plaintiff on her examination on oath before the Police Court of Lawrence, charging him with being the father of a bastard child of which she was pregnant, and that he should abide the order of the Superior Court thereon. Writ dated October 20, 1883.

The case was submitted to the Superior Court, and, after judgment for the plaintiff, to this court on appeal, upon agreed facts, in substance as follows:

The defendant Williams was arrested on the complaint, and brought before the Police Court of Lawrence, on November 17, 1882, and pleaded not guilty. The case was continued until November 20, when Williams waived trial, was adjudged guilty by said court, and was ordered to give bond, with sureties, in the sum of $400, to appear and answer to the complaint at the next term of the Superior Court, to be holden at Salem, within and for said county of Essex, on the first Monday of December, 1882, and abide the order of the court thereon. In default of giving such bond, Williams was committed to jail.

On December 12, 1882, a date subsequent to said first Monday of December, the defendants executed the bond in suit, and on that day Williams was released from custody.

The complaint was transmitted to the Superior Court, but was not entered on the first Monday of December, 1882. On December 23, 1882, the plaintiff was delivered of a child.

At March term, 1883, of the Superior Court, the complaint was, by leave of court, upon motion, entered as of the December term, 1882. This motion was opposed by the counsel of the defendant Williams.

At June term, 1883, Williams was defaulted, and on September 26, 1883, he was adjudged, after trial, to be the father of the plaintiff's bastard child, and to stand charged with its maintenance, as appears by the decree on file, with which decree he has failed to comply.

If, upon these facts, the plaintiff was entitled to recover, judgment was to be entered for the penal sum of the bond; otherwise, for the defendants.

*J. P. Sweeney*, for the defendants.

*C. A. De Courcy*, for the plaintiff.

MORTON, C. J. Proceedings in a bastardy case under our statutes are of a peculiar character. They are commenced like criminal proceedings, by a complaint upon which a warrant issues for the arrest of the defendant. If he, upon a hearing before the proper magistrate, is adjudged to be the father of the child, as alleged in the complaint, he is required to give a bond with sureties to appear at the Superior Court and answer to the complaint, and abide the order of the court thereon. If he fails to give such bond, he is committed. It is the duty of the magistrate to transmit to the Superior Court the bond, if one is taken, and a copy of his record. If the defendant is committed on account of inability to give bond, he may at any time during the proceedings give the bond required, and be discharged from prison. Pub. Sts. c. 85.

Thus far the proceedings are in the nature of proceedings in a criminal case. When the case reaches the Superior Court, it is treated as a civil suit. The proper course is for the complainant to file in that court a supplementary complaint, in order to state the facts and frame an issue with a view to the orderly trial of the matter in controversy. It may often happen that the complainant is not delivered of the child until after the first term of the Superior Court has passed, and therefore that the complaint in that court cannot be filed until a subsequent term. *Reed* v. *Haskins,* 116 Mass. 198.

It is the duty of the complainant to enter the action, by paying the usual entry fee, at the commencement of the first term. But although the action is in general regarded as a civil suit between the complainant and the defendant, yet the public has an interest in it. The parties cannot settle it between themselves. They must procure the consent of the parent or guardian of the woman, or of the overseers of the poor of her place of settlement or residence, or of one of the state board of health, lunacy, and charity, or the superintendent of the state almshouse, unless provision is made satisfactory to the court to indemnify the parent, guardian, city, town, or the State, for all charges for the maintenance of the child. Pub. Sts. c. 85, § 17.

In the same line of protecting the public interests, the statute provides, in § 2, that, if the woman entitled to make a complaint refuses to do so, either of the above-named public officers may do

so, and, if she has made a complaint and neglects to prosecute it, either of them may prosecute the case to final judgment. If therefore the complainant neglects to enter the case at the commencement of the first term, this is a neglect to prosecute the same, and either of such officers may subsequently come in and prosecute the case. *Wheelwright* v. *Greer*, 10 Allen, 389.

Again, the statute, in § 12, provides that, where the party accused is committed, and the complaint is not entered at the term of the Superior Court at which he was required to appear, he may apply to the court asking to be discharged, and if, after notice, it appears that there is no ground to hold him to answer further, he shall be discharged.

These provisions show that the statute does not contemplate that the neglect of the complainant to enter her case at the proper time puts an end to the case, or defeats the jurisdiction of the court, or discharges the defendant or his sureties if he has given a bond. So to hold would be inconsistent with the statute, and would defeat its purposes.

There can be no doubt that, if, by reason of accident or mistake, such case is not entered at the beginning of the term, it is competent for the court, during the first term, to allow a post entry to be made, and to proceed with the case. And we can see no good reason for holding that the court has not the power to do this at the next term, if, in its judgment, a proper case is made out. In this case, the facts show that, in presenting her supplementary complaint at the second term, the complainant was guilty of no unreasonable delay. Upon presenting such complaint, it being discovered that she had, by mistake, neglected to enter her action at the first term, we are of opinion that it was within the power of the court to permit her to enter it as of the December term, and thus correct a mistake and prevent the defeat of justice by an accident.

Whether, if the surety on the defendant's bond could show that he was injured in any way by the mistake of the complainant, it would discharge him, we need not consider. There was no change in his situation caused by the delay; he could at any time have surrendered his principal, and thus have relieved himself from responsibility. Having suffered no injury, we are of opinion that he is not discharged.          *Judgment affirmed.*