JULIA A. FITZPATRICK *vs.* HERBERT A. NORDSTROM
& others.

Middlesex.   March 26, 1900. — May 18, 1900.

Present: HOLMES, C. J., KNOWLTON, MORTON, BARKER, & LORING, JJ.

*Bond given under the Bastardy Act — Surrender of Principal to Court.*

If the surety upon a bond given under the bastardy act surrenders the principal to the Superior Court, when the complaint is pending there, by the provisions of Pub. Sts. c. 85, § 8, the bond becomes void.

CONTRACT, against the principal and sureties on a bond given under the bastardy act.   Trial in the Superior Court, before *Blodgett,* J., who found for the defendants, and at the request of the plaintiff reported the case for the consideration of this court.   If the finding was wrong, the case was to be sent to an assessor to determine the amount recoverable by the plaintiff; otherwise judgment was to be entered for the defendants.

*J. J. Higgins*, for the plaintiff.

*C. S. Lincoln & G. W. Anderson*, for the defendants.

BARKER, J. It is true that a bond given under the provisions of Pub. Sts. c. 85, § 6, in the court to which the original complaint is addressed, may be security for the performance by the defendant of any order entered by the Superior Court under the provisions of Pub. Sts. c. 85, § 15. *Dineen* v. *Williams*, 138 Mass. 367. Pub. Sts. c. 85, § 7. See also *Hodge* v. *Hodgdon*, 8 Cush. 294; *McGrath* v. *Conway*, 116 Mass. 360; *Hanlan's case*, 119 Mass. 59; *Tracy* v. *Howe*, 119 Mass. 228; *Barnes* v. *Chase*, 128 Mass. 211.

It is also true that a default of the defendant, by failing to appear in the Superior Court at any time when his presence is required therein to answer to the complaint then pending, is a breach of the condition of such a bond. *Jordan* v. *Lovejoy*, 20 Pick. 86. *McGrath* v. *Conway*, 116 Mass. 360, 361. *Tracy* v. *Howe*, 119 Mass. 228, 229. Therefore, the default of the defendant Nordstrom in the Superior Court on April 27, 1898, was a breach of the bond in suit.

But by the provisions of Pub. Sts. c. 85, § 8, the surety upon such a bond, if the complaint is pending in the Superior Court, may surrender the principal to that court, " and in case of such surrender the bond shall be void." It is stated in the report that Nordstrom was so surrendered. Thereupon, by the terms of the statute, the bond became void, and so no suit can be maintained upon it. It is, therefore, unnecessary to inquire whether the bond, if not so made void, would have been discharged by the final order of affiliation upon which, at the instance of the complainant, Nordstrom was imprisoned until discharged under the provisions of Pub. Sts. c. 85, § 20. See *M'Hugh, petitioner*, 3 Cush. 452, 454 ; *Towns* v. *Hale*, 2 Gray, 199, 203 ; *Power* v. *Fenno*, 10 Gray, 249, 250 ; *Young* v. *Makepeace*, 108 Mass. 233, 235.

*Judgment for the defendants on the finding.*