## COMMONWEALTH *vs.* ELLEN DESMOND.

A complaint " in behalf of the Commonwealth of Massachusetts " " to the justices of the municipal court of the city of Boston, holden at said Boston, for the transaction of criminal business, within and for the county of Suffolk," that J. S., on July 17, 1869, " at Boston aforesaid, did keep intoxicating liquor with intent to sell the same in this Commonwealth, not being authorized to sell the same in said Commonwealth for any purpose under the provisions of chapter 415 of the acts of the year 1869 of this Commonwealth, or by any legal authority whatever, against the peace of said Commonwealth and the form of the statute in such case made and provided," and certified by the signature of " A. B., Clerk," under the caption of " Suffolk, to wit," as having been sworn to " before said court," is not void, on appeal to the superior cour , for want of sufficient averments of venue or jurisdiction, or for defect in the certificate of the complainant's oath.

COMPLAINT of " Chauncey C. Dean, of the city of Boston in the county of Suffolk, deputy state constable, in behalf of the Commonwealth of Massachusetts," addressed "to the justices of the municipal court of the city of Boston, holden at said Boston for the transaction of criminal business within and for the county of Suffolk," and alleging " that Ellen Desmond, of said Boston," on July 17, 1869, " at Boston aforesaid, did keep intoxicating liquor with intent to sell the same in this Commonwealth, she, the said Ellen, not being authorized to sell the same in said Commonwealth for any purpose under the provisions of chapter 415 of the acts of the year 1869 of this Commonwealth, or by any legal authority whatever; against the peace of said Commonwealth and the form of the statute in such case made and provided." The *jurat* was as follows: " Suffolk, to wit. Taken and sworn to this 19th day of July in the year of our Lord 1869. Before said court. John C. Leighton, Clerk." In the municipal court the defendant was found guilty, and appealed.

At the trial in the superior court, before *Scudder*, J., the defendant, before the jury were empanelled, moved to quash the complaint, " because it does not appear that this court has any jurisdiction of the cause; because it does not appear that the alleged offence was committed in the Commonwealth of Massachusetts, or where committed, with certainty; because it does not appear that the defendant was an unmarried woman and therefore not under the control of her husband; because of the want of a proper or perfect venue; and because it does not appear to have been sworn to in this Commonwealth, or before any officer qualified to administer an oath." This motion was overruled. The jury returned a verdict of guilty, and the defendant alleged exceptions.

*L. W. Osgood*, for the defendant.

*J. C. Davis*, Assistant Attorney General, ( *C. Allen*, Attorney General, with him,) for the Commonwealth.

AMES, J. The various objections made by the defendant in the superior court were none of them taken in the municipa. court, from which she appealed; and therefore, so far as they depend upon formal defec's apparent on the face of the com-

plaint, are too late to be of any avail. St. 1864, *c.* 250, § 2. *Commonwealth* v. *Mc Govern*, 10 Allen, 193. *Commonwealth* v. *Walton*, 11 Allen, 238.

Even if they had been seasonably taken, it is difficult to see how they could be of any effect. It is not denied that the superior court has a general appellate jurisdiction in cases of this kind; but the defendant insists that it does not appear on the face of the complaint that this offence was committed within this Commonwealth, and that, for that reason, it does not appear to be within the jurisdiction of that court. But the complaint, although it does not in terms say that the county of Suffolk is in this Commonwealth, is nevertheless brought in the name of the Commonwealth, for the violation of a specific statute of the Commonwealth, in Boston in the county of Suffolk, and the court is bound judicially to take notice of the fact that Suffolk is one of the counties of the Commonwealth. The want of a formal caption, or marginal entry of venue, is a matter of no importance in such a state of the case. *Commonwealth* v. *Quin*, 5 Gray, 478. The venue is sufficiently given in the body of the complaint to deprive this objection of all force. The point that it does not appear on the face of the complaint that the defendant was not a married woman was not insisted on in the argument, and is plainly untenable as an objection. As to the point that the complaint does not appear to have been sworn to in this Commonwealth, it is enough to say that it is certified by the clerk of the municipal court of the city of Boston, in the county of Suffolk, and that we are bound judicially to take notice, not only of the existence of such a court, but also of its local situation and jurisdiction in a city and county within the limits of the Commonwealth. *Commonwealth* v. *Wingate*, 6 Gray, 485. *Exceptions overruled.*