MARY KENNEDY *vs.* MICHAEL SHEA.

The trial of a complaint in bastardy may be had in the Superior Court on attested copies of the proceedings before the magistrate to whom the complaint was originally made.

The fact that the evidence in a bastardy process shows that the child was begotten in a place different from that alleged in the complaint is not fatal to the proceedings.

BASTARDY PROCESS. In the Superior Court, before trial, the respondent moved to dismiss the proceedings because only copies of the original papers of the proceedings before the magistrate to whom the complaint was originally made, were in court, but *Brigham*, C. J., overruled the motion, and the trial proceeded. The respondent requested the judge to rule that he could not be found guilty without the production of the original papers, but the judge refused so to rule.

The only evidence as to the place where the child was begotten was that it was a mile or more from the place alleged in the complaint, but the judge ruled, against the respondent's objection, that this variance was not such as to prevent the maintenance of the complaint.

The jury returned a verdict of guilty, and the respondent alleged exceptions.

*G. M. Stearns & M. P. Knowlton*, for the respondent.

*N. A. Leonard & G. Wells*, (*H. Donnelly* with them,) for the complainant.

AMES, J. We find nothing in any existing statute upon the subject of bastardy that requires that the original papers, rather than certified copies of them, should be transmitted from the magistrate to the Superior Court. It is true that the magistrate

cannot take final jurisdiction of the case, and at most can only proceed so far as is necessary, under the statute, to require the respondent to give bond to appear and answer at the higher court. None of the cases cited import that the case must be tried upon the original papers, and the prevailing practice for a long period has been the other way, a new and more formal complaint being usually filed in the Superior Court. *Rice* v. *Chapin*, 10 Met. 5. *Smith* v. *Hayden*, 6 Cush. 111. It is difficult to see any advantage in using the original papers that could not be equally well secured by the use of authenticated copies. It has been decided, in the case of the seizure of intoxicating liquors unlawfully kept for sale, (where if the value be found to exceed twenty dollars the magistrate has no power to act finally upon the subject matter, but must transfer it to the Superior Court for further proceedings,) that a certified copy of his proceedings, and of the papers, is all that need be transmitted to that court. *Commonwealth* v. *Intoxicating Liquors, post*, 172. In *Hawes* v. *Gustin*, 2 Allen, 402, and *Packard* v. *Lawrence*, 15 Gray, 483, certified copies of the preliminary proceedings in bastardy cases were held sufficient.

The alleged variance as to the place where the child was begotten was material only in its bearing upon the credit of the witness, and is not fatal to the claim. *Sayles* v. *Fanning*, 13 Gray, 538. *Bassett* v. *Abbott*, 4 Gray, 69.

*Exceptions overruled.*