### WILLIAM THOMPSON *vs.* MARGARET KENNEY.

A justice of the peace, to whom a complaint under the bastardy act was made, issued a warrant for the arrest of the respondent, returnable before himself, and required the respondent to give bond to appear before the Superior Court. The respondent appeared by counsel in that court, a trial was had on the complaint, the respondent was found guilty, and judgment was rendered against him. *Held,* that under the Gen. Sts. *c.* 129, § 79, a writ of error would not lie to reverse the judgment, on the ground of want of authority in the justice, and that it was immaterial that the defendant did not file a written answer or did not appear personally in the Superior Court.

WRIT OF ERROR to reverse a judgment of the Superior Court. From the record of that court and an agreed statement of facts it appeared that the defendant in error made a complaint under the bastardy act to Joseph A. Titus, a justice of the peace for the county, against the plaintiff in error ; that the parties were both residents of Worcester, and the complaint alleged that the child was there begotten ; that the justice issued a warrant thereon, returnable before himself, upon which the plaintiff in error was arrested and brought before him ; that the plaintiff in error pleaded not guilty, waived examination, and was required by the justice to give bond to appear before the Superior Court ; that the complaint was entered in that court, and both parties appeared ; that the child having been subsequently born, a supplemental complaint was filed ; that no written answer was ever filed ; that a trial was had, at which the plaintiff in error appeared by counsel, but not personally ; and that a verdict of guilty was rendered, and judgment entered thereon, which was the judgment it was sought to reverse. The error assigned was that the justice ought to have made the warrant returnable before the Municipal Court of the city of Worcester, and that he had no jurisdiction to act under the warrant.

*W. A. Williams*, for the plaintiff in error.

*H. B. Staples & F. M. Sprague,* for the defendant in error.

MORTON, J. The matter assigned as error is, that the justice of the peace, to whom the complaint in the original action was made, had no authority to issue a warrant thereon returnable before himself, and to require the plaintiff in error to give bond to appear before the Superior Court and answer to the complaint, and therefore that the Superior Court had no jurisdiction of the case. We do not deem it necessary to decide whether or not the justice of the peace had such authority. The plaintiff in error appeared in the Superior Court, a trial was had upon the complaint there filed, and a verdict was found against him.

The statute provides that " a judgment shall not be arrested for any cause existing before the verdict, unless the same affects the jurisdiction of the court. And where the defendant has appeared and answered to the merits of the action, no defect in the writ or other process by which he has been brought before the court, or in the service thereof, shall be deemed to affect the jurisdiction of the court." Gen. Sts. *c.* 129, § 79.

In bastardy proceedings, the Superior Court exercises an original and not an appellate jurisdiction. The proceedings before a justice of the peace or police court are merely to compel the appearance of the defendant before the Superior Court. In this case, that court had jurisdiction of the subject matter and of the parties, and it is too late after a verdict and judgment to object to any defect or irregularity in the proceedings before the justice of the peace. The statute above cited applies to and disposes of the case. *McCabe* v. *Dow,* 7 Allen, 477.

The facts that the plaintiff in error was not personally present at the trial in the Superior Court, and that no written answer was filed, are immaterial. He appeared and was heard by counsel, and it is not necessary that he should be present in person. *Young* v. *Makepeace,* 103 Mass. 50. If he neglected to file a written answer, it was at most an informality in the proceedings, which does not affect the jurisdiction of the court, and furnishes no ground for arresting the judgment.

*Writ of error quashed.*