SOPHIA DUHAMELL *vs.* JOSEPH DUCETTE.

Worcester.    October 5. — 23, 1875.    WELLS & AMES, JJ., absent.

The judge of a District Court, to whom a complaint under the bastardy act was made, adjudged the respondent to be guilty, and required him to give bond to appear before the Superior Court, where he duly appeared and answered to the complaint, and to the supplementary complaint filed in that court. *Held*, that he could not afterwards object to irregularities in the proceedings of the District Court.

On the trial of a complaint under the bastardy act, the evidence was conflicting on the questions whether the complainant had had sexual intercourse with other men than the respondent, about the time the child was begotten, and whether the respondent was at that time, as testified by the complainant, in the place alleged The judge instructed the jury that if, upon the evidence, they found that the allegations in the complaint, as to time and place, were substantially correct, and were satisfied, upon the whole evidence, that the respondent was the father of the child, it was sufficient, though the complainant was mistaken as to the day on which the child was begotten; and refused to give an instruction, requested by the respondent, that if the jury believed that the respondent was not present at the time and place testified to by the complainant, the jury should find the respondent not guilty. *Held*, that the respondent had no ground of exception.

COMPLAINT under the bastardy act, Gen. Sts. *c.* 72, to the Central District Court of Worcester, sworn to on April 1, 1874, alleging that the complainant was then pregnant with a child which, if born alive, might be born a bastard, accusing the respondent with being the father of the child, and charging that the respondent did beget the complainant with the child of which she was then pregnant, on or about July 1, 1873, at Auburn. On June 5, 1874, the respondent was adjudged guilty and required to give bond in the sum of $500 for his appearance before the Superior Court next to be holden at Fitchburg, on the second Monday of June, 1874.

In the Superior Court at June term 1874, the complainant filed a supplementary complaint, charging the respondent with begetting her with child on August 1, 1873, and, after reciting the proceedings in the District Court, alleging that she was delivered of said child on May 5, 1874, which child was still living.

At said June term, the respondent filed an answer to the complaint and supplementary complaint, denying that he was guilty of the charges therein alleged, and denying that the papers on file were a true record of the proceedings in the District Court and claimed a trial by jury.

At December term 1874, the respondent filed a motion to dis-miss the action on account of certain irregularities in the proceed ings in the District Court. This motion was submitted on agreed facts, a statement of which is now immaterial. The motion was overruled by *Dewey*, J., the respondent was tried and found guilty, and alleged exceptions in substance as follows :

It appeared that the complainant was a resident of the town of Auburn, and that the respondent was a married man, residing in Worcester at the time of the alleged act ; he had formerly lived in Auburn, where his father then resided. There was also evidence from the father and the brother of the respondent that, about the time the child was begotten, to wit, about two hundred and seventy days prior to the birth of the child, the complainant was found in the act of sexual intercourse, on two different occa-sions, with two different men other than the respondent. The complainant testified that the child was begotten in Auburn at a certain time, stating the details of the circumstances, and evi-dence was put in tending to show that the respondent was not in Auburn at the time when the complainant testified that the child was begotten. The complainant also testified that the respondent had intercourse with her only once, and that at the time and place testified to by her ; and that she never had sexual inter-course with any person except the respondent. There was no evidence except the testimony of the complainant as to the time and place when the child was begotten, or that the respondent had intercourse with her.

The respondent asked the judge to rule that if the jury be-lieved that the respondent was not present at the time and place testified to by the complainant, they would then find the respon-dent not guilty, which request was refused by the judge.

The judge instructed the jury that if upon the evidence they found the allegations as to time and place were substantially cor-rect, and were satisfied, upon the whole evidence, that the respon-dent was the father of the child, it was sufficient, though the complainant was mistaken as to the day on which the child was begotten.

The respondent also moved in arrest of judgment, for the rea-sons set forth in his motion to dismiss, and, this motion being overruled, alleged exceptions.

*W. A. Gile*, for the respondent.

*S. Utley, Jr.*, for the complainant.

ENDICOTT, J. The respondent was required by the Central District Court of Worcester to file a bond in the usual form to appear before the Superior Court. No objection to the proceedings was taken in the District Court. The case was duly entered in the Superior Court, and at the first term the respondent appeared, made answer to the merits, and asked for a trial by jury. At a subsequent term, and before the trial, he moved to dismiss, on the ground of certain irregularities in taking the complaint, and in other proceedings in the District Court. This motion, as well as a motion in arrest of judgment, was properly overruled.

The Superior Court has original jurisdiction in these cases, and the proceedings before the inferior tribunal are merely to compel the appearance of the respondent in the Superior Court, where the issue is to be tried. And the respondent cannot, after appearance, object to irregularities in the proceedings in the inferior court. It was held, on a writ of error to reverse a judgment of the Superior Court in a bastardy case, that it was too late for the respondent, after appearance, to object that the justice of the peace had no jurisdiction to act under the warrant. *Thompson* v. *Kenney*, 110 Mass. 317. Gen. Sts. c. 129, § 79. *McCabe* v. *Dowd*, 7 Allen, 477.

The respondent has no ground of exception to the refusal of the judge to rule that, if the jury believed the respondent was not present at the time and place testified to by the complainant, they should find him not guilty. It was for the jury to decide, upon all the evidence, whether the respondent was the father of the child. *Murphy* v. *Spence*, 9 Gray, 399. *Kennedy* v. *Shea*, 110 Mass. 152. *Bassett* v. *Abbott*, 4 Gray, 69.

*Exceptions overruled.*