EMMA F. HOLBROOK *vs.* GEORGE F. KNIGHT.

York. Decided May 3, 1877.

*Exceptions. Bastardy.*

A bill of exceptions will be overruled unless it contain a sufficient statement of the case to show that the ruling complained of was erroneous and prejudicial to the excepting party.

So, where the following instruction was excepted to: "That there is no evidence in the case that the complainant ever had any sexual intercourse with any other person than the respondent, that she was inquired of in relation to several persons and·denied it in each instance with two exceptions," and the report of the evidence.was not a part of the bill, the exceptions were overruled.

When the declaration in bastardy states the time, as between two dates, when the child was begotten, the jury are authorized to find the defendant guilty on sufficient proof, though the child was begotten outside of the dates stated.

The particulars of time and place are only material as bearing upon the credit of the complainant as a witness.

ON EXCEPTIONS and MOTION.

COMPLAINT in bastardy process, declaring that she was on the 23d day of August, 1875, delivered of a bastard child begotten by the said George F. Knight; that the said child was begotten at the house of John Carroll in the town of South Berwick, sometime between the 25th day and 30th day of November, 1874; that being put upon the discovery of the truth at the time of her travail, she accused the said George F. Knight of being the father of said child, &c.

By her voluntary examination, May 17, 1875, she deposed that the child was begotten on or about the 15th of November, 1874.

The presiding justice instructed the jury among other things as follows:

"If you are satisfied from all the evidence in the case that he begot the child at any time, and you should find that it was not between the 25th and 30th, but prior to that time, then I say that you would not be confined to the time in the declaration. If you are satisfied from the evidence in the case that he actually begot the child, and that he begot it outside of the time between the 25th and 30th of November, then it would be your duty to say by your verdict he is guilty.

"There has been considerable said in relation to whether this complainant has ever had any sexual intercourse with any other person than this respondent; I instruct you that there is no evidence in this case that she has. She was inquired of in relation to several persons and asked if she had ever had any sexual intercourse with them. You heard her answers. I understood her to deny it in each instance with two exceptions. If she had said then she claimed the legal protection of not being obliged to criminate herself it would not be any evidence that she had sexual intercourse; that is a party's privilege; when upon the stand a party is not obliged to criminate himself in respect to any other than the issue before the court. She is before the court complaining that this respondent begot her child; and if inquired of whether she had sexual intercourse with any other person, that is not before the court, and if it was outside of the time when those persons could have begotten this child she would not be obliged to admit the fact; as a constitutional right she would not be obliged to

answer that question and it would not be evidence against her."

The verdict was guilty; and the defendant alleged exceptions.

*W. J. Copeland*, for the defendant.

*G. C. Yeaton*, for the complainant.

VIRGIN, J. The rule of practice is well established that a bill of exceptions will be overruled unless it contain a sufficient statement of the case to show that the ruling complained of was erroneous and prejudicial to the excepting party.

A report of the evidence is not made a part of the bill of exceptions, so we are confined to the instruction : "That there is no evidence in the case that the complainant ever had any sexual intercourse with any other person than the respondent ; that she was inquired of in relation to several persons and denied it in each instance with two exceptions." Now whether the testimony in these two excepted instances was objected to and excluded because of the remoteness of the time to which it referred, and hence she did not have an opportunity to deny, the bill of exceptions fails to disclose. In proceedings of this nature, the character of the complainant for chastity is not in issue, and evidence that she had such intercourse with another man at a time so long previously that the child could not then have been begotten, would be irrelevant. *Parker* v. *Dudley*, 118 Mass. 602.

2. The issue to be passed upon by the jury in a case of this nature is, whether the child of which the complainant has been delivered was begotten by the respondent, and not on what particular time it was begotten. He was equally liable whether it was between November 25th and 30th, or on some other day about that time. *Beals* v. *Furbish*, 39 Maine, 469. The particulars of exact time and place are only material as bearing upon the credit of the complainant as a witness. *Bassett* v. *Abbott*, 4 Gray, 69. *Kennedy* v. *Shea*, 110 Mass. 152.

The testimony was conflicting. The jury saw and heard the witnesses. The jury believed the complainant and her witnesses. We cannot say they were wrong.

*Motion and Exceptions overruled.*

APPLETON, C. J., DICKERSON, BARROWS, DANFORTH and LIBBEY, JJ., concurred.