COMMONWEALTH *vs.* MICHAEL H. FAY.
SAME *vs.* JAMES McGILL.

Bristol.    Oct. 22, 1878. — Jan. 1, 1879.    ENDICOTT & LORD, JJ., absent.

Since the St. of 1877, c. 211, providing that no justice of the peace shall receive a complaint and issue a warrant in a criminal case, unless he is commissioned as a trial justice, or holds the office of clerk or assistant clerk of a municipal, district or police court, the fact that the justice holds the additional office cannot be proved by extrinsic evidence, but must appear on the face of the papers, and if it does not so appear, it is a defect in the jurisdiction of the court which may be availed of by motion in arrest of judgment, under the St. of 1864, c. 250, §§ 2, 3.

If a complaint is made to J. S., a justice of the peace, and a warrant is issued by J. S. as such justice, returnable to a district court, and certified by "J. S., clerk" of that court, this court is not bound to take judicial notice of the fact that J. S., who received the complaint, was clerk of such district court.

THE FIRST CASE was a complaint on the Gen. Sts. *c.* 87, §§ 6, 7, made to " Charles H. Sanford, Esq., a justice of the peace within and for the county of Bristol," charging the defendant with keeping and maintaining a certain tenement in New Bedford, used for the illegal sale and illegal keeping of intoxicating liquors, the same being a common nuisance. The jurat on the complaint showed that it was received and sworn to, on January 17, 1878, before " Charles H. Sanford, Justice of the Peace."

At the trial in the Superior Court, before *Dewey*, J., on a copy of the complaint, attested by " Charles H. Sanford, clerk," the jury returned a verdict of guilty; and the defendant moved in arrest of judgment: " 1st. Because he says the court has no jurisdiction, in that the complaint does not appear to have been received by and sworn to before any person that had any authority to receive said complaint. 2d. Because it does not appear by the complaint and proceedings therein that Charles H. Sanford, who received and took the oath to said complaint, was a justice of the peace having authority to receive complaints and issue warrants thereon." The judge overruled the motion; and the defendant alleged exceptions.

THE SECOND CASE was a similar complaint made to the same justice of the peace, and sworn to before him on April 11, 1878. The warrant was signed " Charles H. Sanford, Justice of the

Peace," and directed the officer to arrest the defendant, and bring him before the Third District Court of Bristol.

At the trial in the Superior Court, before *Dewey*, J., on a copy of the complaint, attested as in the first case, the government, against the defendant's objection and exception, was allowed to put in oral evidence to show that the justice of the peace who received the complaint and issued the warrant was the same person who was acting as clerk of the Third District Court of Bristol. The jury returned a verdict of guilty; and the defendant filed a motion in arrest of judgment, on the same grounds as in the first case. The judge overruled the motion; and the defendant alleged exceptions.

*H. M. Knowlton*, for the defendants.

*C. R. Train*, Attorney General, for the Commonwealth.

SOULE, J. Since the St. of 1877, *c*. 211, took effect, justices of the peace have had no authority to receive complaints in criminal cases, unless commissioned as trial justices, or holding the office of clerk or assistant clerk of a municipal, district, or police court.[*]

The complaints in the cases at bar were received by a justice of the peace, to whom they were addressed, and whose certificate does not show that he held any office which authorized him to receive them. On the face of the papers, therefore, nothing appears giving jurisdiction to any magistrate to issue warrants for the arrest of the persons charged in the complaints. The defendants, after verdict, moved in arrest of judgment for this cause. We are of opinion that judgment should have been arrested.

Nothing is presumed in favor of the jurisdiction of inferior magistrates. Their warrants for the arrest of persons are void, unless the authority to issue them appears on the face of the instruments. *Howard* v. *Gosset*, 10 Q. B. 359, 452. 1 Smith

---

[*] " Section 1. No justice of the peace, not designated and commissioned as a trial justice, shall hereafter have or exercise any power, authority or jurisdiction to try civil cases, or receive complaints, or issue warrants : provided, however, that any justice of the peace who shall also be a clerk or assistant clerk of any municipal, district or police court, may receive complaints and issue warrants, returnable before some trial justice, police, district or municipal court, having jurisdiction of the examination of the person charged with the offence."

Lead. Cas. (7th Am. ed.) 1098, note to *Crepps* v. *Durdt* Cowp. 640.

Evidence *àliunde* that the person assuming authority in the premises had such authority by virtue of an official character which the papers did not disclose, was incompetent. Otherwise it would be open to show that warrants, not purporting to be issued by any magistrate, were valid, because the person whose name was signed to them held such office as would have authorized him to issue them as the justice of some court. That this could be done would hardly be contended; but it is in substance what is contended for here. The complaint was not properly received and sworn to because received by a justice of the peace, any more than if received by and sworn to before a private citizen; and evidence that the justice of the peace was also the holder of another office not indicated by the papers, is of precisely the same kind, and open to precisely the same objection, as evidence that the person who certified as a private citizen was a competent magistrate.

We see no force in the argument that, because the record is certified by Charles H. Sanford as clerk of the District Court, the court would be bound to take judicial notice of the fact that the person who received the complaint was the clerk of the District Court, and therefore authorized to receive the complaint. The case of *Commonwealth* v. *Desmond*, 103 Mass. 445, cited by the government on this point, decides that the court is bound judicially to take notice not only of the existence of the Municipal Court of the city of Boston in the county of Suffolk, but also of its local situation and jurisdiction in a city and county within the limits of the Commonwealth. This is very different from the proposition that the certification of the record of the District Court, by Charles H. Sanford as clerk, binds the court judicially to take notice of the fact that he is the Sanford who received the complaint, and to hold, therefore, that the complaint gave jurisdiction to issue a warrant, though on its face received by and sworn to before a person not authorized to receive it nor to administer the oath to the complainant.

The defect in the papers is not formal merely, but goes to the jurisdiction of the court, within the St. of 1864, *c.* 250, §§ 2, 3, there being no authority in any magistrate or inferior court to

issue warrants for the arrest of persons charged with crime, except upon complaint duly received and sworn to. Gen. Sts. *c.* 170, § 10. The motion in arrest was therefore seasonably made.

*Exceptions sustained.*