CATHARINE RONAN *vs.* HENRY DUGAN.

Essex.   Nov. 8, 1878. — Jan. 28, 1879.   ENDICOTT and LORD, JJ., absent.

Evidence that the complainant, in a bastardy-process, had criminal intercourse with a man, other than the respondent, less than seven and a half months before the birth of her child, is inadmissible, in the absence of evidence that the birth was premature.

COMPLAINT under the bastardy act, Gen. Sts. c. 72. At the trial in the Superior Court, before *Brigham*, C. J., without a jury, the complainant testified that she was delivered of a child on September 14, 1877; and that it was begotten by the respondent on or about the last of December 1876, or the first day of January 1877. There was no other evidence in regard to the birth of the child.

On cross-examination, the complainant was asked if she had had criminal intercourse with William Wallis, in February 1877. This was objected to by the complainant; and the judge ruled that, the complainant having proved that the child was born on September 14, 1877, which was not disputed, the respondent could not show that the complainant had intercourse with any other man in February 1877, without first proving that the child was so prematurely born that it might have been begotten in

February; and refused to allow the question to be answered. The judge found that the respondent was guilty; and he alleged exceptions.

*C. A. Benjamin*, for the respondent. The time inquired of was within the time when the child might have been begotten; and the burden was not on the respondent to prove that the child was prematurely born. *Parker* v. *Dudley*, 118 Mass. 602. See also *Thayer* v. *Thayer*, 101 Mass. 111.

*H. Wardwell*, for the complainant.

AMES, J. In cases of this kind, the admissibility of evidence of illicit intercourse of the complainant with any man other than the defendant depends upon its relation to the time when the child was born. In *Eddy* v. *Gray*, 4 Allen, 435, where the intercourse offered to be proved occurred more than ten months before the birth, the evidence was held to be inadmissible, without proof that the period of gestation was prolonged beyond the usual duration. We see no reason why the same rule should not be followed where the intercourse offered to be proved took place less than seven and a half months before the birth, in the absence of any proof that the birth was premature. The testimony of the complainant, and the presumption of law as to the period of gestation, concurred; and the judge, who tried the cause without a jury, might well consider the evidence offered by the defendant as immaterial. *Exceptions overruled.*