### JENNY F. HANNAN *vs.* JAMES DOHERTY.

Middlesex.   Jan. 18. — Feb. 29, 1884.   DEVENS & C. ALLEN, JJ., absent.

If the respondent in a bastardy complaint, who has been arrested upon a warrant duly issued, upon being brought before a police court, waives an examination, and the court thereupon orders him to give a bond for his appearance before the Superior Court, which he does, there is no irregularity in these proceedings, upon which to found a motion to dismiss the complaint in the Superior Court.

An irregularity in the proceedings of an inferior court, upon a bastardy complaint, cannot be availed of in the Superior Court.

COMPLAINT to the Police Court of Newton, under the bastardy act, Pub. Sts. *c.* 85. The record of that court showed that the respondent, who was arrested upon a warrant duly issued, pleaded not guilty, and waived an examination, and was thereupon ordered by the court to give bond to the complainant, with sufficient sureties, in the sum of $400, for his appearance before the next term of the Superior Court holden for the transaction of civil business; and thereupon the respondent gave the bond required.

In the Superior Court, the respondent moved to dismiss the complaint, because there was no hearing of the case in the Police Court, as required by the Pub. Sts. *c.* 85, § 9, before the bond was ordered to be given. *Barker,* J., overruled the motion; and, after a verdict of guilty, reported the case for the determination of this court. If the ruling was correct, the case was to stand for further hearing in the Superior Court; otherwise, the complaint to be dismissed.

*J. Bennett,* for the respondent.

*W. F. Slocum & W. S. Slocum,* for the complainant.

MORTON, C. J. The respondent was arrested upon a warrant duly issued, and, upon being brought before the Police Court of

Newton, he waived an examination, and the court thereupon ordered him to give bond for his appearance before the Superior Court. We see no irregularity in this proceeding. By waiving an examination, the respondent waived his right to any further hearing before the Police Court, and voluntarily entered into a bond to appear before the Superior Court.

If there had been any irregularity in the proceedings of the Police Court, he could not take advantage of it in the Superior Court. *Duhamell* v. *Ducette*, 118 Mass. 569. *Thompson* v. *Kenney*, 110 Mass. 317.

The Superior Court rightly overruled the respondent's motion to dismiss.

*Case to stand for further hearing in the Superior Court.*