JESSIE EASDALE *vs.* CHARLES S. REYNOLDS.

Essex.   November 3. — 26, 1886.   DEVENS & W. ALLEN, JJ., absent.

The docket of a police court is the record of proceedings in that court until the record is extended, and is sufficient proof of those proceedings.

If the clerk of a police court, in which a complaint under the bastardy act, Pub. Sts. *c.* 85, is made, instead of transmitting to the Superior Court certified copies of the complaint and warrant, as required by § 7, transmits the original complaint and warrant, and they are lost from the files of the Superior Court, secondary evidence of their contents is admissible at the trial in that court, and the case is properly tried upon the supplemental complaint.

At the trial of a complaint under the bastardy act, Pub. Sts. *c.* 85, evidence of an act of sexual intercourse between the complainant and a man other than the respondent, from three to six months before the alleged bastard was begotten, is inadmissible, in the absence of evidence of any intimacy continuing between such man and the complainant down to the time of the begetting.

COMPLAINT under the bastardy act, Pub. Sts. *c*. 85. At the trial in the Superior Court, before *Aldrich* J., the jury returned a verdict of guilty ; and the respondent alleged exceptions, the nature of which appears in the opinion.

*J. P. Sweeney*, for the respondent.

*E. T. Burley*, for the complainant.

MORTON, C. J. Bastardy proceedings must be commenced by complaint before a police, district, or municipal court, or trial justice. The inferior tribunal, after a default or a hearing, requires of the defendant a bond for his appearance in the Superior Court, and the proper course of proceeding is for it to transmit to the Superior Court certified copies of the complaint and warrant, and of the record of the court or trial justice. Pub. Sts. *c*. 85, § 7. *Biggane* v. *Ross*, 126 Mass. 233. But the Superior Court exercises an original, and not an appellate jurisdiction, and the proceedings before the inferior tribunal are merely to compel the appearance of the defendant before the Superior Court. *Thompson* v. *Kenney*, 110 Mass. 317. *Kennedy* v. *Shea*, 110 Mass. 152. *Duhamell* v. *Ducette*, 118 Mass. 569. The case is tried in the Superior Court upon a supplemental complaint, which is in the nature of a declaration in a civil suit. It has been held that certified copies of the complaint and warrant, and of the record of the court in which the proceedings were commenced, may be filed in the Superior Court at any time before the trial. *Hawes* v. *Gustin*, 2 Allen, 402. *Packard* v. *Lawrence*, 15 Gray, 483.

When the case at bar came on for trial in the Superior Court, it appeared that the clerk of the Police Court of Lawrence, in which court the complaint was made, had transmitted to the Superior Court the original complaint and warrant; and that they had been lost from the files of the Superior Court. The only record in the Police Court concerning the case was the entries upon the docket, showing that, upon complaint of the complainant, the respondent pleaded not guilty, waived examination, was ordered to give a bond in $400, with sureties, and did give such bond. In the absence of an extended record, this is the record of the case. From the nature of the case, the clerk could not furnish certified copies of the complaint and warrant, because they were lost. The Superior Court had to deal with a

case where, owing to the loss of a part of the record, it had become impossible to comply strictly with the requirement that a certified copy of the record should be filed. It was a case of a lost record; and we think the Superior Court rightly ruled that secondary evidence of the contents of the complaint and warrant was competent. *Davidson* v. *Slocomb*, 18 Pick. 464. *Pruden* v. *Alden*, 23 Pick. 184. The certified copy of the record of the Police Court filed by the complainant, and the secondary evidence of the contents of the complaint and warrant, were sufficient to show that the necessary preliminary steps were taken in the Police Court, and justified the Superior Court in proceeding with the trial upon the merits. The respondent did not object to this secondary evidence because it was in the form of an affidavit to the copies offered, instead of being upon the oath and examination of the witness, but objected only because the copies " were not properly certified to." We are of opinion that the court rightly overruled this objection, and ordered that the case proceed to trial upon the supplemental complaint.

At the trial, the complainant was asked, upon cross-examination, " if she had not, in the autumn of 1884, been with child by one Menzies, and if she had not got rid of that child." It is the general rule, that no act of sexual intercourse between the complainant and any other man than the respondent is admissible in evidence, unless it is so near in time as to afford some evidence that it resulted in begetting the child named in the complaint. *Eddy* v. *Gray*, 4 Allen, 435. *Sabins* v. *Jones*, 119 Mass. 167. *Ronan* v. *Dugan*, 126 Mass. 176. In this case, the offer was to show an act of illicit intercourse with Menzies from three to six months before the child was begotten, and the evidence was rightly rejected. It is to be observed that there is, in this case, no evidence of any intimacy with Menzies continuing up to the time of gestation. If it had appeared that such intimacy continued, and that the parties were together under circumstances of suspicion about the time the child was begotten, the offer would have presented a different question. *Odewald* v. *Woodsum*, 142 Mass. 512.                    *Exceptions overruled.*