JANE DAVIS vs. SYLVESTER McENANEY.

Essex. November 6, 1889. — January 2, 1890.

Present: FIELD, DEVENS, W. ALLEN, C. ALLEN, & KNOWLTON, JJ.

*Bastardy Process — Supplemental Complaint — Superior Court — Jurisdiction — Waiver.*

After a supplemental complaint in a bastardy case has been filed in the Superior Court, it is too late for the respondent, after appearance, to object for the first time that the justice of the peace to whom the original complaint was made, and by whom the warrant was signed, had no jurisdiction to receive the one or to issue the other.

COMPLAINT under the bastardy act, Pub. Sts. c. 85. Trial in the Superior Court, before *Sherman,* J., who allowed a bill of exceptions in substance as follows.

The original complaint was addressed to, and subscribed and sworn to on October 30, 1888, before, " Edward B. George, justice of peace," without more. The warrant issued upon this complaint, and upon which the respondent was arrested and brought before the Police Court of Haverhill, was also signed on the same day by " Edward B. George, justice of the peace." The record of the Police Court of Haverhill recited that, on October 31, 1888, by virtue of the above warrant, the respondent was " brought before the Police Court of Haverhill, and the complaint is read to him, and he is thereupon ordered to give bond in the sum of $400, with sufficient sureties, for his appearance at the next term of the Superior Court, holden at Salem within and for said county, on the first Monday of November next, and the defendant, complying with said order, is released." The copies of the complaint, warrant, and record, which were made a part of the exceptions, were certified to by " Edward B. George, Clerk of Police Court of Haverhill."

After the case was entered in the Superior Court, a supplemental complaint was filed, on March 22, 1888, and the respondent entered his appearance by his attorney. Afterwards the respondent filed a motion to dismiss the complaint, on the ground that the original complaint was not made or sworn to, and the warrant was not issued by, " any magistrate or officer authorized by law of chapter 289 of the Laws of this Common-

wealth, passed in the year 1885, to receive the same, but before a justice of the peace." The judge overruled the motion.

At the trial, the jury returned a verdict of guilty; and the respondent alleged exceptions.

*J. P. Jones*, for the respondent.

*H. I. Bartlett*, for the complainant.

FIELD, J.  By the St. of 1885, c. 289, the original complaint in this case should have been made to "a police, district, or municipal court, to a clerk thereof, or to a trial justice." By the papers in the case, it appears that it was made to Edward B. George, a justice of the peace, and it was sworn to before him as a justice of the peace. The fact that the copy of this complaint and the copies of all the other papers are certified by Edward B. George as "Clerk of Police Court of Haverhill," does not enable the court to take judicial notice that he was the clerk of that court at the time he received the complaint, and evidence to show that he was such clerk at that time, and received the complaint as clerk, would have been incompetent. The complaint and warrant must show on their face the authority of the magistrate.  *Commonwealth* v. *Fay*, 126 Mass. 235.  *Commonwealth* v. *McGill*, 126 Mass. 235.

As the defendant made no objection to the warrant when brought before the Police Court of Haverhill, but gave bond to appear and answer to the complaint before the Superior Court, and appeared generally by attorney in the Superior Court, we think that he could not in that court object that the warrant was not signed by a magistrate authorized to issue it. *Commonwealth* v. *Henry*, 7 Cush. 512.  *Commonwealth* v. *Hart*, 123 Mass. 416.  *Commonwealth* v. *Wait*, 131 Mass. 417.

The more serious objection is that the original complaint was void because it does not appear to have been taken and sworn to before a court or magistrate authorized to take it. A supplemental complaint was filed in the Superior Court, and the respondent, having appeared there by attorney, afterwards filed a motion to dismiss the complaint on the ground above stated.

It has been held in bastardy cases, that, if there has been any irregularity in the proceedings of the police court, no advantage can be taken of it in the Superior Court after a general appearance in that court.  *Thompson* v. *Kenney*, 110 Mass. 317.

*Duhamell* v. *Ducette*, 118 Mass. 569. *Hannan* v. *Doherty*, 136 Mass. 567. *Eusdale* v. *Reynolds*, 143 Mass. 126.

In some of these cases it is said that in bastardy proceedings the Superior Court exercises an original and not an appellate jurisdiction, and that the proceedings before the inferior tribunal are merely to compel the appearance of the respondent in the Superior Court, where the case is to be tried. In *Thompson* v. *Kenney, ubi supra*, it appeared that the complaint was made to a justice of the peace, who issued a warrant returnable before himself; that the respondent was brought before him, pleaded not guilty, waived an examination, and gave bond for his appearance before the Superior Court, where the complaint was entered and he appeared; and that, a supplemental complaint having been filed, a trial was had and a verdict of guilty rendered, on which judgment was entered. A writ of error was sued out, and the error assigned was that the warrant should have been made returnable before the Municipal Court of the city of Worcester, and that a justice of the peace had no jurisdiction to act under the warrant. The court, without deciding whether or not the justice of the peace had jurisdiction, quashed the writ of error, and said that the Superior Court " had jurisdiction of the subject matter and of the parties, and it is too late after a verdict and judgment to object to any defect or irregularity in the proceedings before the justice of the peace," citing the Gen. Sts. c. 129, § 79.

In *Duhamell* v. *Ducette, ubi supra*, the court say that " it was held, on a writ of error to reverse a judgment of the Superior Court in a bastardy case, that it was too late for the respondent, after appearance, to object that the justice of the peace had no jurisdiction to act under the warrant," citing *Thompson* v. *Kenney*, 110 Mass. 317; Gen. Sts. c. 129, § 79; *McCabe* v. *Dowd*, 7 Allen, 477. This is not an entirely accurate statement of what was decided in *Thompson* v. *Kenney*, but we think that the statement is true when applied to the facts of the present case. The alleged defect in the proceedings in that case was, not that there were irregularities in the proceedings before the justice of the peace, but that he had no jurisdiction. The parties had appeared in the Superior Court without objection, and a supplemental complaint had been filed there. The Superior

Court, having thus acquired jurisdiction over the subject and the parties, proceeded to try the case on the supplementary complaint as a court of original jurisdiction, and objections to the preliminary proceedings became immaterial.   When a supplemental complaint is filed, the cause is tried upon that complaint; *Smith* v. *Hayden*, 6 Cush. 111; it need not be sworn to; *Sabins* v. *Jones*, 119 Mass. 167; it may be amended; and the proceedings are in the nature of a civil action, and not of a criminal prosecution; *Bailey* v. *Chesley*, 10 Cush. 284.   In the present · case a supplementary complaint had been filed in the Superior Court, and the respondent had appeared, and the Superior Court had thus acquired jurisdiction of the subject and of the parties before the motion to dismiss the complaint was filed. We think it was then too late to object that the Police Court of Haverhill had no jurisdiction over the original complaint, because a justice of the peace was not authorized to receive such a complaint.

In *Commonwealth* v. *Fay* and *Commonwealth* v. *McGill*, *ubi supra*, the complaints were criminal complaints, appeals had been taken to the Superior Court, trials were had on the original complaints, and judgment was arrested because the complaints were void.                    *Exceptions overruled.* ·