MARY E. FOGARTY *vs.* JAMES CONNELL.

Norfolk.    January 26, 1891. — February 27, 1891.

Present: FIELD, C. J., C. ALLEN, HOLMES, & MORTON, JJ.

*Bastardy Process — Record — Attestation — Form of Judgment — Jurisdiction of Appeal.*

An attestation by the clerk of a district court, affixed at the end of papers transmitted in a bastardy case on appeal, imports that such papers are a copy of the record in the district court, and is sufficient, although the original complaint and the warrant are not certified to and attested separately by the clerk.

The judgment of a district court on a bastardy process, which substantially follows the Pub. Sts. c. 85, § 9, is sufficient, and need not recite that there was good, sufficient, or probable cause to believe the defendant guilty as alleged in the complaint.

If a complaint under the bastardy act, and the warrant issued thereon, recite that the former was made to and the latter issued by the " justice " thereof, and the judgment recites that they were respectively made to and issued by the " court," such discrepancy does not on appeal affect the jurisdiction of the Superior Court, and affords no ground for arrest of judgment.

COMPLAINT under the bastardy act, Pub. Sts. c. 85, to the District Court of East Norfolk.   The papers transmitted to the Superior Court, consisting of the original complaint, the warrant, the appearance bond, and the judgment, bore at the end thereof the following: " Record attest, J. White Belcher, Clerk."   The original complaint and the warrant, which were not separately certified to and attested by the clerk, recited that the former was made to the " justice " of the district court, and that the latter was issued by him.   The judgment, after reciting that the respondent, " at the District Court of East Norfolk," on May 21, 1887, was " brought before said court by virtue of a warrant in due form of law issued by said court," on a complaint " taken on oath before said court," concluded as follows: " And the said complaint is read to the said James Connell, and after a hearing in the premises the said Connell is ordered by said court to give bond with sufficient sureties in the sum of seven hundred dollars to appear and answer to said complaint and accusation at the Superior Court to be holden at Dedham, for the transaction of civil business, within and for the county of Norfolk, on the first

Monday of June next, and to abide the order of the court thereon, and that he stand committed until he give such bond."

After the case was entered in the Superior Court, a supplemental complaint was filed, which recited that the original complaint was made to the "justice of the district court," and that the respondent was adjudged guilty by that court. The defendant, before judgment, moved in the Superior Court to arrest judgment on the following grounds : 1. Because true and attested copies of the proceedings in the district court have not been transmitted to this court as required by law. 2. Because it does not appear of record here that the justice of said district court, upon due hearing, found that there was good, sufficient, or probable cause to believe that the respondent was guilty as alleged in said complaint. 3. Because the complaint, the supplemental complaint, and the record are inconsistent and contradictory as to the court or magistrate before whom said original complaint was made and the oath taken. The record of the Superior Court, aside from the supplemental complaint and the above motion, was as follows : " Defaulted, May 15, 1890. Motion to take off default filed and overruled, June 5, 1890. Motion in arrest of judgment overruled, June 5, 1890. Respondent appeals."

*J. H. Flint*, for the complainant.

*P. R. Blackmur*, for the respondent.

FIELD, C. J. It is difficult to deal intelligently with this appeal, because apparently the record is not complete. The respondent was defaulted, and a motion to take off the default was overruled, but whether, except for the purpose of making this motion, the respondent did or did not appear generally in the Superior Court, after the supplemental complaint was filed, is not shown by the record before us. If he did appear generally in that court, he probably waived all objections to the record sent up by the district court. *Davis* v. *McEnaney*, 150 Mass. 451. If it be assumed that the questions of law which the defendant raised in his motion in arrest of judgment can be brought to this court by appeal, and that the defendant has not waived them by an appearance in the Superior Court, we are of opinion that the motion was rightly overruled.

The record sent up from the district court was attested by the

clerk of that court at the end, and this is sufficient. *Common-
wealth* v. *Ford*, 14 Gray, 399. *Commonwealth* v. *Barry*, 115
Mass. 146. *Commonwealth* v. *Wait*, 131 Mass. 417. We assume,
that when after due hearing the respondent is required to give
bond to appear and answer to the complaint at the next term
of the Superior Court, pursuant to the Pub. Sts. c. 85, § 9, the
same papers may be transmitted to the Superior Court as are
required by § 7 of the same chapter; *Kennedy* v. *Shea*, 110
Mass. 152; *Biggane* v. *Ross*, 126 Mass. 233; but we think that
the words, " Record attest, J. White Belcher, Clerk," affixed to
the papers transmitted to the Superior Court, import that the
papers are a copy of the record in the district court, including
the complaint and the warrant.

The judgment of the district court substantially follows the
words of the statute; Pub. Sts. c. 85, § 9; and it is not necessary
that it should appear therein "that there was good, sufficient,
or probable cause" to believe the defendant guilty as alleged in
the complaint.

The justice of the district court had authority to receive the
complaint and issue the warrant when the court was not in ses-
sion, and it is to be presumed that the court was not in session
when this complaint was received and the warrant was issued.
Pub. Sts. c. 154, § 22. *Sabins* v. *Jones*, 119 Mass. 167. If the
true construction of the whole record is that the complaint
was received by the justice of the court, and that the warrant
was issued by him, and if it is recited in the judgment of the
court that the complaint was sworn to before the court, and the
warrant issued by the court, yet the whole record is intelligi-
ble, and this discrepancy does not affect the jurisdiction of the
Superior Court, and affords no sufficient ground for arresting
judgment.

*Order overruling the motion affirmed.*