ANNA PRINCE *vs.* HERBERT F. GUNDAWAY.

Plymouth.    October 18, 1892. — December 3, 1892.

Present: FIELD, C. J., KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Bastardy Process — Appearance — Evidence.*

In bastardy cases, the proceedings in the lower court are merely to compel the appearance of the defendant in the Superior Court, and where in that court a supplemental complaint is filed, it is too late, after an appearance has been filed, to object either to irregularities in the lower court or to the jurisdiction of such court.

A bill of exceptions stated that a written general appearance for the defendant had been entered upon the docket of the Superior Court by its clerk, at the oral request of one of the counsel for the defendant, before the motion to dismiss the complaint, which was under the Pub. Sts. c. 85, was made, the defendant not having filed a general appearance in writing. *Held,* that the entry was a sufficient "appearance in writing," within the St. of 1885, c. 384, § 7.

There was nothing in the testimony in a bastardy case which would warrant a finding that the brother of the complainant acted as her agent in making the complaint. The inference was that he procured the complaint, and induced her to go to court and sign it. *Held,* that evidence of what was said by the brother of the complainant at a certain interview with the witness, which evidence was offered in connection with what the complainant testified in relation to her brother's making the complaint, was rightly excluded.

LATHROP, J.    In bastardy cases, the proceedings in the lower court are merely to compel the appearance of the defendant in the Superior Court. *Thompson* v. *Kenney*, 110 Mass. 317. *Duhamell* v. *Ducette*, 118 Mass. 569. *Easdale* v. *Reynolds*, 143 Mass. 126. Where a supplemental complaint is filed in the Superior Court, it is too late, after an appearance has been filed, to object either to irregularities in the lower court or to the jurisdiction of such court. *Davis* v. *McEnaney*, 150 Mass. 451, and cases cited. *Fogarty* v. *Connell*, 153 Mass. 369.

The bill of exceptions states that a written general appearance for the defendant had been entered upon the docket of the Superior Court by the clerk of that court, at the oral request of one of the counsel for the defendant, before the motion to dismiss the complaint was made, although the defendant had not filed a general appearance in writing. We have no doubt that the entry by the clerk was a sufficient "appearance in writing," within the St. of 1885, c. 384, § 7.

The remaining exception is to the exclusion of the evidence of one Butler. He was called by the respondent, and asked to state what was said by the brother of the complainant at a certain interview which he had with the witness. The counsel for the respondent stated that he offered this evidence in connection with what the complainant testified in relation to her brother's making the complaint. We find nothing in the testimony which would warrant a finding that the brother acted as the agent of the complainant in making the complaint. The only fair inference from the testimony is, that the brother procured the complaint, and induced the complainant to go to court and sign it. In fact, she testified that the brother told her she must sign it.

*Exceptions overruled.*

*J. F. Simmons & W. L. Bouvé,* for the respondent.
*J. O. Burdett & E. W. Cate,* for the complainant.