### STATE *vs.* CITY OF AUBURN.

Androscoggin.    Opinion February 26, 1894.

*Indictment. Pleading. Venue. Time.*

An indictment against a municipal corporation in which no addition of place or situation is annexed to the respondent's name, is at least formally defective on account of such omission; but the court may take judicial notice of the fact that the City of Auburn is located within Androscoggin County, when, in an indictment against that city thus defective, it appears that the same was found by a Court held in Auburn in the county of Androscoggin, and that the offense charged is the neglect of the city to open a way within its limits as laid out by the county commissioners of that county.

Where the offense charged against a municipal corporation is its neglect to open a way which the law required such corporation to open within three years from a certain date, it need not be averred in the indictment that the offense was committed on any particular day or days, but it is sufficient if the averment be that the offense was committed by a continuous neglect during the whole period of the three years.

This was an indictment against the city of Auburn for neglecting to open a highway laid out in that city by the county commissioners.

The defendant demurred to the indictment, which demurrer was overruled. They then took exceptions which the presiding justice adjudged were frivolous and intended for delay. The case was thereupon certified under R. S., c. 77, § 51, to the Chief Justice.

The causes of demurrer are stated in the opinion of the court.

*Henry W. Oakes*, County Attorney, for State.

*James A. Pulsifer*, City Solicitor, for defendant.

While it is true that the unlawful act need not be proved as having been done on the precise day alleged, yet it is also true that some day must be alleged as well as proved. *Tripp* v. *Lyman*, 37 Maine, 251.

The case of *State* v. *O'Donnell*, 81 Maine, 271, seems to be conclusive on the point. In that case it was held, all the judges concurring, on the authority of *State* v. *Small*, 80 Maine, 452, of *Wells* v. *Commonwealth*, 12 Gray, 326, and of *Shorey* v. *Chandler*, 80 Maine, 409, that "An indictment must allege a particular day on which the offense was committed even if it be set out with a *continuando*," the authorities even going so far as to hold indictments, defective in this respect, bad on general demurrer.

The time when an offense is alleged to have been committed is matter of substance and for that reason if defective cannot be cured by amendment. Am. & Eng. Encyl. of Law, Vol. 10, p. 541, and references. *State* v. *Day*, 74 Maine, 221; *State* v. *Hanson*, 39 Maine, 340; *State* v. *Thurston*, 35 Maine, 205.

The respondent is not alleged to be a municipal corporation. *Nowlin* v. *State*, 49 Ala. 41; 2 Dill. Mun. Corp. p. 1134; *Kane* v. *People*, 8 Wend. 203.

SITTING: PETERS, C. J., WALTON, LIBBEY, EMERY, HASKELL, WHITEHOUSE, JJ.

PETERS, C. J. The city of Auburn, having been indicted for its failure to open a highway laid out within its limits by county

commissioners, claims, upon demurrer thereto, that the indictment found against them is insufficient in some respects.

It is contended that it is bad because the city of Auburn, so named in the indictment, is not described as a corporation of any kind, and more especially because there is no averment that the city of Auburn is situated within any county of this State. Such omissions are undoubtedly formal defects, indicating a want of care in the work of the pleader that is not to be commended. The omissions are supplied, however, to some extent by certain indirect allegations contained in the indictment. The way is alleged to have been laid out by the commissioners of Androscoggin county within the city of Auburn. And the indictment avers that it was found at a term of court begun and holden at Auburn within and for the county of Androscoggin. Aided by these implications, we deem it warrantable for us to determine as a matter of judicial knowledge that the city of Auburn described in the indictment is the municipal corporation of that name situated in our county of Androscoggin. The case of *Com.* v. *Desmond*, 103 Mass. 445, supports this view.

The indictment further alleges that the mandate of the commissioners required that the way should be opened and built by the city within three years from March 31, 1890, and that for the period of time between March 31, 1890, and March 31, 1893, as well as ever since, the city had wholly neglected to open and build the same ; and it is contended by the defense that such an averment as to the time of the commission of the alleged offense is bad for its generality. In support of this objection the defense invokes the general principle of pleading, recognized in our own cases, that some particular day must be named in the indictment on which the alleged offense was committed and that too even if the offense be set out with a *continuando*.

In our view this criticism does not fairly apply to an indictment like the present. The principle referred to applies mostly to offenses of commission, and not to those of omission ; to acts done rather than acts omitted to be done ; to offenses accomplished by active and not passive means. Of course the principle contended for would apply as strongly to an act of

non-feasance as to an act of mis-feasance when such act can be logically and correctly described as having been done on some particular day or upon some continuous days. In the present case it would not be true to charge the offense as committed on either the first or the last day of the three years allowed the city within which to construct the contemplated road, or on any intermediate day or days; or as committed upon any time short of the whole period of three years. The offense was growing for three years, culminating at the expiration of that period. The ruling of the court on an analogous question in *Smiley* v. *Merrill Plantation*, 84 Maine, 322, sustains, as far as it goes, our conclusion here. *Exceptions overruled.*