## Walter Erickson v. Minnie Schmill.

### Filed July 10, 1901.   No. 10,056.

1. **Bastardy Proceeding:** Undue Intimacy Between Prosecutrix and Third Party Irrelevant. In a proceeding under the bastardy act, evidence of a rumor to the effect that there existed an undue intimacy between the complainant and a man other than the defendant at or about the time the illegitimate child was begotten, is not relevant to the issue.

2. **Sexual Intercourse With Others Than Defendant Competent.** In prosecutions for bastardy, evidence is admissible to show that the complainant had sexual intercourse with men other than the defendant about the time she became pregnant.

3. **Judicial Cognizance:** Period of Gestation. Courts do not take judicial notice of the fact that the possible period of gestation exceeds ten calendar months.

4. **Exclusion of Evidence Proper at Time Bars Further Inquiry.** In reviewing the rulings of the trial court excluding evidence, this court will only inquire whether the evidence was properly rejected at the time it was offered.

5. **Refusal to Receive Evidence Not Covered by Question No Error.** A refusal to receive evidence embraced within an offer to prove, but not covered by any question propounded to the witness upon the stand, is not error.

6. **Instruction on Burden of Proof and Credibility of Witness Need Not Direct to All Matters.** The giving of an instruction with respect to the burden of proof and the credibility of witnesses is not erroneous because it fails to direct the attention of the jury to all the matters proper to be considered in determining the questions submitted to them.

7. **Evidence.** Evidence examined, and found to sustain the verdict.

Error from the district court for Wayne county. Tried below before Robinson, J. *Affirmed.*

*Barnes & Tyler,* for plaintiff in error.

*A. A. Welch, contra.*

Sullivan, J.

Walter Erickson, who was defendant below, is seeking in this court the reversal of a judgment of affiliation rendered against him in a proceeding under the bastardy act.

The first specification of error discussed in the briefs
of counsel relates to the exclusion of evidence, which it is
claimed had some tendency to show that an undue inti-
macy existed between the complainant, Minnie Schmill,
and one Henry Brugeman at or about the time the illegiti-
mate child was begotten.   The evidence offered by the de-
fendant and refused by the court was to the effect that
the witness, Annie Fredolph, had heard an evil rumor con-
cerning Minnie and Brugeman, and that Minnie's father
had also heard this rumor and had declared it to be false
and altogether groundless.   It is past question that the
ruling of the court was right.   Neither the rumor nor the
denial of it was relevant to the issue.

Another assignment of error challenges a ruling of the
court refusing to permit the defendant to show by cross-
examination of the complainant that she was with other
men under suspicious circumstances about ten months
before her child was born.   It is, of course, a rule every-
where recognized that in prosecutions for bastardy, evi-
dence is admissible to show that the complainant had sex-
ual intercourse with men other than the defendant about
the time she became pregnant (*Burris v. Court,* 34 Nebr.,
187; *Stoppert v. Nierle,* 45 Nebr., 105) ; but the record
before us does not disclose any violation of this rule.   The
court, it is true, struck out the name of one of the young
men with whom Miss Schmill attended a dance and stayed
out all night, but the main fact remained in the record and
was considered by the jury.   We are not able to see any
possible prejudice in the order granting the motion to
strike.   But if the evidence excluded from the jury were
material, the defendant has no just ground of complaint,
for the events which he claims throw doubt on the pater-
nity of the child, with whose maintenance he stands
charged, occurred outside the normal period of gestation;
and when the court made its ruling it was not advised
that the period between conception and birth is, in ex-
ceptional cases, as great as ten months.   While there is
no absolute rule upon the subject, by general consent,

28

based on extended observation, the usual period of gestation is considered to be about 280 days. This is common knowledge which courts may be assumed to possess; but that the possible period of embryonic existence is more than 300 days is a fact which courts are not bound to know and act on in the trial of causes.

*Eddy v. Gray,* 4 Allen [Mass.], 435, was a case in which the complainant's child was born August 1, 1860. The court, over objection, admitted evidence of circumstances tending to show illicit intercourse with men other than the defendant about the last of September or first of October, 1859. The admission of this evidence, without proof that the period of gestation was prolonged beyond the usual duration according to the common and natural course of life, was held to be reversible error. This decision was cited with approval in *Ronan v. Dugan,* 126 Mass., 176, and in *Easdale v. Reynolds,* 143 Mass., 126. The evidence taken from the jury had no apparent relevancy at the time the motion to strike it out was sustained. The ruling was not erroneous when made, and it did not become so by the subsequent reception of evidence tending to prove that there are cases in which more than ten calendar months have intervened between impregnation and delivery. For the reason just stated the defendant's offers to prove were properly rejected. And they were properly rejected for other reasons. They embraced some matters which were clearly irrelevant in any view of the case; and they were not covered by any questions propounded to the witness who was being examined.

Complaint is made of the instructions with respect to the credibility of witnesses and the preponderance of proof. It may be conceded that these instructions did not direct the attention of the jury to all the matters proper to be considered in determining the question which they were called upon to decide, but that, in our opinion, is not a fatal fault. If the defendant was not satisfied with either of the instructions given he was at liberty to tender a better one. If he desired elaboration or amplification he had only to ask for it.

. It is contended that the evidence does not sustain the finding of the jury; but, from a careful reading of the bill of exceptions, we are well satisfied that it does. The statement of counsel for defendant, that the story of the complainant contradicts, and is opposed to, all the experience of mankind, must be regarded, in view of the verdict and the approval of it by the learned trial judge, as too broad a generalization.

The petition in error contains no other specifications that can be considered. The judgment is

AFFIRMED.

NOTE.—*Period of gestation.* Nicholas, Adulterine Bastardy, 212, 213; Taylor, Medical Jurisprudence [Reese's 8th Am. and 10th London ed.], pp. 683-701; Wharton & Stille, Medical Jurisprudence [4th ed.], vol. III., ch. III., pars. 40-43; Le Merchant, Report of Gardner Case; Tidy, Legal Medicine, Part II., pp. 65-70; Rodgers, Domestic Relations, 601; Lyall, Medical Evidence, p. 8; Greenleaf, Evidence [Lewis's ed.], vol. II., par. 152 and authorities cited in note 2; Hohl, Annals of Hygiene, vol. II., p. 153; *State v. Read,* 45 ·Ia., 469; *Zweifel v. State,* 27 Wis., 396; *Humphrey v. State,* 47 N. W. Rep. [Wis.], 836; *Beers v. Jackman,* 103 Mass., 192; *O'Brien v. State,* 14 Ind., 469; *Benham v. State,* 91 Ind., 82; *State v. Smith,* 61 Ia., 538; *Masters v. Marsh,* 19 Nebr., 458, 461; *Sang v. Beers,* 20 Nebr., 365, 373; *Oleson v. Peterson,* 33 Nebr., 358, 365; *Harrington v. Barfield,* 30 La. Ann., 1297.—REPORTER.