## ELLISON v. UNITED STATES.

No. 1140.

Municipal Court of Appeals for the
District of Columbia.

Argued Dec. 10, 1951.

Decided Jan. 11, 1952.

Katherine M. Staley. Washington, D. C.,
for appellant.

Edward A. Beard, Asst. Corp. Counsel,
Washington, D. C., with whom Vernon E.
West, Corp. Counsel, Chester H. Gray,
Principal Asst. Corp. Counsel, and Richard
W. Barton, Asst. Corp. Counsel, Washington, D. C., were on the brief, for appellee.

Before CAYTON, Chief Judge, and
HOOD and QUINN, Associate Judges.

CAYTON, Chief Judge.

A jury in Juvenile Court found Richard
S. Ellison to be the father of an illegitimate
child, and a judgment was entered requiring him to support the child. He has appealed.

As too frequently happens, we find
in appellant's brief claims of error which
are not supported by the record. For instance the claim is made that the trial court
refused to admit a report of a blood test,
but there is not a word in the record to
indicate that such a report was ever offered
or even mentioned. Appellant also says he
was refused the right to cross-examine the
complainant as to conflicts between her
testimony at the trial and testimony she
gave at a preliminary hearing. But the
statement of evidence does not show any
such ruling. In other respects, too, the
record does not support statements or contentions in appellant's brief. We feel that
we should remind members of the bar that
we cannot decide appeals on the basis of
facts stated in briefs unless such facts also
appear in records brought up from the trial
courts.

Another of appellant's contentions
has clear support in the record. He offered
two letters sent from New York by complainant to defendant in Washington sometime after she discovered her pregnant condition. The trial judge excluded both letters. In one of the letters complainant in
plainest words admitted having had sexual
intercourse with two named men other than
defendant before she left Washington.
Both letters contain statements describing
complainant's mode of life in New York,
some statements by way of self-justification, and other information which was
potentially at variance with parts of her

testimony at the trial. The letters, if admitted, would have furnished a proper basis for cross-examining the complainant along lines vital to the issue of paternity. We rule that it was error to exclude them.

■ We are mindful that the letters alone would not have established that complainant's intimacies with the other men happened during the calculated period of conception and that proof of such intimacies should be limited to such period. Thomas v. United States, 74 App.D.C. 167, 121 F.2d 905; Dicks v. United States, D.C. Mun.App., 72 A.2d 34, 78 W.L.R. 693; Peters v. District of Columbia, D.C.Mun. App., 84 A.2d 115. In the Thomas case the question was left open, as it was later by us in the Dicks case, as to whether proof of intercourse with other men outside the conception interval would be admissible for the purpose of impeaching the complainant. We recognize the danger of indiscriminately permitting proof of this nature, for the chastity of the complainant is not the real issue, and the question of paternity may be clouded or confused by bringing in proof of other intimacies remote from the time of conception. But we

are satisfied that this defendant should have had an opportunity to develop when the admitted intimacies with the two other men took place and to establish if he could that such acts of complainant continued until the child was conceived. State v. Woodworth, 65 Iowa 141, 21 N.W. 490. See also State v. Borie, 79 Iowa 605, 44 N.W. 824; Easdale v. Reynolds, 143 Mass. 126, 9 N.E. 13; Am.Jur., Bastards, section 119; 104 A.L.R. 84, 94, et seq. Defendant was clearly prejudiced because by excluding the letters mentioned he was deprived of the opportunity to develop directly his claim that someone else was responsible for the pregnancy, or indirectly by contradicting the complainant on relevant and important parts of her testimony.

■ The Government contends that appellant should have made a "proffer" of what the letters would prove. But that is not the rule where the purpose of offered evidence is apparent on its face. King v. Davis, 54 App.D.C. 239, 296 F. 986; Boorstein v. Douglas, D.C.Mun.App., 52 A.2d 492.

Reversed with instructions to award a new trial.