Henry C. Cook

*v.*

The People of the State of Illinois.

1. Admissions—*from recitals in a bond.* Where in a prosecution for bastardy, it was objected, on error, that it did not appear the complaint was made by the mother of the child, *it was held,* that a recital, in the bond given

by the defendant for his appearance, that complaint had been made by a certain person that she had been delivered, etc., was an admission that the complaint was made by the mother, and such recital supplied the omission of the complaint from the record, and gave the court jurisdiction in that regard.

2. And where such bond recited that the complaint was made by a certain person, " an unmarried woman," such recital *was held* to be an admission that the mother of the child was an unmarried woman.

3. EVIDENCE—*that a woman is unmarried.* And in such case, a jury may infer that the mother was an unmarried woman, from the fact appearing that the defendant had paid his attentions to her as such.

4. PRACTICE—*time of objecting to the sufficiency of a complaint in bastardy.* The objection that a complaint in a proceeding in bastardy was not made by the mother, should be made before the justice of the peace, and urged in the circuit court, and cannot be heard for the first time in the appellate court. Going to trial on the merits, without objection, waives defects of this character, if any existed.

5. SAME—*as to sufficiency of proof.* The objection, in a bastardy proceeding, that it does not appear the child was born in the county in which the complaint was made, must be made in the first instance, and comes too late when made for the first time in the appellate court.*

6. It is not essential, to support a verdict of guilty in a bastardy proceeding, that it shall appear that the period of gestation was for the usual length of time, the evidence being otherwise satisfactory in that regard.

APPEAL from the Circuit Court of Tazewell county; the Hon. CHARLES TURNER, Judge, presiding.

The opinion states the case.

Mr. C. A. ROBERTS and Mr. N. W. GREEN, for the appellant.

Mr. WASHINGTON BUSHNELL, Attorney General, for the people.

---

*Since the trial of this case in the court below, the legislature, at the session of 1869, so amended sec. 1 of the Bastardy Act, that the complaint "may be made in any county where the complainant may be pregnant or delivered, or the person accused may be found." (See Gross' Stat. 2d ed. 57.)

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was a prosecution commenced in the name of the people, against appellant, on a charge of bastardy. A trial was had in the court below, by a jury, who returned a verdict of guilty. A motion for a new trial was entered, but overruled by the court, and judgment rendered on the verdict.

The first assignment of error questions the sufficiency of the complaint filed before the justice of the peace, and which is the basis upon which this proceeding was instituted. The record does not contain the complaint or the warrant issued upon it, but it contains the bond entered into by appellant before the justice of the peace for his appearance at the next term of the circuit court. The bond recites that complaint was made and a warrant issued, and appellant, by signing the bond, admitted the fact, and so far as we can see, from the recitals of the bond, the complaint was sufficient. It recites that whereas, complaint has been made by Alice E. Vincent, in the county of Tazewell, an unmarried woman, that she was delivered of a male bastard child on the 4th of November, 1868, and that appellant was the father. It is manifest, from these recitals, that the complaint was made by the mother. But if it had not been, the objection should have been taken before the justice of the peace, and urged in the circuit court, before it could be insisted upon in this court. By going to trial in the circuit court without objection, all formal questions of this character are waived. We must presume the recitals of his bond are true, and whether so or not, by going to trial on the merits, without objection, the defect, if any, was waived. The recitals of the bond were sufficient to give the court jurisdiction of the case.

It also urged, that it fails to appear that the child was born in Tazewell county. But were this not so, the objection should have been interposed in the first instance, and comes too late when made for the first time in this court.

10—51ST ILL.

The residence of her brother-in-law, at whose house she was confined, was spoken of by witnesses, and it was for the jury to determine, from that and all other testimony in the case, whether it was in that county. This was for their determination, and as there is no evidence in the case showing that she gave birth to the child in some other county, we can not disturb the verdict for that reason.

It is insisted that the evidence fails to sustain the verdict. While, from the evidence in this case, gestation was not for the usual length of time, still all the physicians who were examined in this case, agree that it was possible for children more premature than this to live. One of appellant's witnesses, a physician, states, in his experience he had not discovered the difference in the appearance of children of premature birth of which the others spoke, and they stated they formed their judgment on the authority of writers. The question was one of fact, for the jury, under all the circumstances detailed in evidence, to determine whether appellant was the father of the child. And we are satisfied that there was clearly evidence to support the verdict on that issue.

It is, however, insisted, that the evidence fails to show the prosecuting witness was an unmarried woman. The bond entered into by appellant, recites that she was an unmarried woman. Again, they may have inferred it from the fact that appellant paid attentions to her as an unmarried woman. No question seems to have been made on this point in the court below. No instruction was asked on that point, and it was no doubt understood, by all parties, that the prosecuting witness was unmarried.

The judgment of the court below must be affirmed.

*Judgment affirmed.*