### CLARINDA M. REED *vs.* IRVING H. HASKINS.

Plymouth.   October 20. — 28, 1874.   AMES & MORTON, JJ., absent.

When a copy of the accusation, warrant, and proceeding before the court or magis-
trate to whom a complaint under the bastardy act is made, are filed in the Su-
perior Court, that court has jurisdiction of the case, and it may in its discretion
allow the formal complaint to be filed at any subsequent term.

The mother of the child is a competent witness at the trial of a complaint under the
bastardy act, to show that in the time of her travail she accused the defendant ·
of being the father of her child.                    -

COMPLAINT under the bastardy act, Gen. Sts. *c.* 72.   Trial in
the Superior Court, before *Brigham*, C. J., who allowed a bill of
exceptions in substance as follows :

At October term, 1873, of the Superior Court, the complain-
ant entered her action, by filing a copy of her complaint, war-
rant, and the proceedings before a justice of the peace.   At
February term, 1874, the complainant filed a formal complaint,·
against the objection of the defendant.   At June term, 1874,
the defendant filed a motion to dismiss the case on the following
grounds :

1. Because the complainant did not file a supplementary or
formal complaint in the Superior Court within the time required
by the statute, and not until the second term after the action was
entered.

2. Because the court, when it allowed the complainant to file
her formal complaint, had no authority so to do, and no jurisdic-
tion therein, as there was no case in court, except by name.

This motion was overruled and the case proceeded to trial, and
the complainant was called as the first witness, and was allowed
to testify, under objection, that she in the time of her travail
accused the defendant of being the father of her child.   The
defendant alleged exceptions.

*E. Robinson*, for the defendant.

*J. C. Sullivan*, for the complainant.

DEVENS, J.   The mode in which this proceeding is initiated is
by the prosecution before the court or magistrate who takes the
accusation and examination of the complainant, upon which a
warrant is issued against the party charged thereby as the father
of the child.   Upon the return of the warrant, after due hearing,

the court or magistrate, before whom the same is returnable, may require the accused to give bond with sufficient surety or sureties to appear at the next term of the Superior Court, and the action is entered by filing therein a copy of the accusation, warrant and proceedings before such court or magistrate, and the Superior Court then has jurisdiction thereof. *Chapel* v. *White*, 3 Cush. 537. These copies were filed in the present case, and the supplementary and more formal complaint, upon which, although not required by any direct provision of the statute, it has been usual to try the case, was not filed until the second term. To this, however, the defendant cannot properly object, as the time of its filing was a matter for the discretion of the court, the case being properly before it. The formal complaint is simply a mode of stating facts and framing an issue with a view to a convenient and orderly trial of the matter in controversy. *Chapel* v. *White*, *supra*. At the first term the woman may not have been delivered of her child; if so, no formal complaint could be made which would embrace all the essential facts necessary to sustain a prosecution against a party as the father of a bastard child, and no judgment of affiliation could be passed. In *Rice* v. *Chapin*, 10 Met. 5, where a process of this character had been tried upon the accusation as made before the magistrate without filing any more formal complaint in the Court of Common Pleas, and it was on this account remanded to that court for further proceedings, it was said that it would be competent for that court to grant leave to the complainant to file a proper complaint, and that the cause might then proceed to trial, and this, although several terms must have passed since the entry of the action.

Nor can the defendant object that the complainant was permitted to testify that being put upon the discovery of the truth of her accusation, in the time of her travail, she then accused the defendant of being the father of her child. Such evidence was competent as tending to corroborate her testimony at the trial; Gen. Sts. *c*. 72, § 8 ; and although it might be more valuable and satisfactory if coming from the lips of another person, yet she was a witness for all purposes, and might properly testify upon this subject. *Murphy* v. *Spence*, 9 Gray, 399. In *Hawes* v. *Gustin*, 2 Allen, 402, evidence similar to this had been received and afterwards withdrawn by the judge from the consideration of

the jury.   The only point there decided was that, even assuming that an error had been committed, it was competent for the court to withdraw the evidence, having cautioned the jury not to regard it as in the case.   Whether the evidence might properly have been received, it was not necessary then to consider.

*Exceptions overruled.*