## SARAH E. BURT *vs.* JAMES D. AYERS.

Essex. November 4. — 5, 1874. AMES & DEVENS, JJ., absent.

A supplementary complaint under the bastardy act, in the name of the complainant, may be signed by her attorney.

A supplementary complaint under the bastardy act set forth all the former proceedings in which the complainant alleged that the defendant begot her with child at S., on or about a time mentioned, in the kitchen of a certain dwelling-house. It further alleged that on a certain day she was delivered of a child born alive and a bastard, and that she accuses the defendant of being the father of the child, and that he did beget her with child in said S., " as was alleged in the aforesaid complaint, and is hereinbefore recited." *Held*, that the allegations of the supplementary complaint were sufficient.

COMPLAINT under the bastardy act, Gen. Sts. *c.* 72. Trial in the Superior Court, before *Dewey*, J., on the supplementary complaint, which was as follows :

" Sarah E. Burt, singlewoman, alleges that heretofore, to wit, on the 22d day of July, A. D. 1873, before the justice of the police court, within and for the city of Salem, in said county of Essex, she made complaint that she was pregnant with a child, and that said child if born alive might be a bastard, and accused James D. Ayers, of said Salem, of being the father of said child, and alleged that he did beget her with child in said Salem, on or about the 15th day of January, A. D. 1873, at the dwelling-house of one J. Augustus Shatswell, in Lafayette Street in said Salem, in the kitchen of said dwelling-house.

" Upon which complaint a warrant issued and said defendant was arrested thereupon and brought before said police court, and after due hearing of said matter, he was adjudged guilty, and ordered to recognize to appear at the September term of the

Superior Court, in said county, held at Newburyport, to answer to said complaint, at which time and place the record of said complaint and of the proceedings and judgment of said police court thereon was duly entered in said Superior Court.

"And now said Sarah E. Burt further complains that on the thirtieth day of September, in the year eighteen hundred and seventy-three, she, the said Sarah E. Burt, was delivered of a male child, which said child was born alive, is now alive, and was born a bastard, and accuses said James D. Ayers of being the father of said child, and that he did beget her with said child in said Salem, as was alleged in the aforesaid complaint, and is hereinbefore recited.

"That as well before as after the delivery of said child, and during the time of her travail, she, the said Sarah E. Burt, accused the said James D. Ayers of being the father of said child, and that she has always been constant in said accusation.

"Wherefore she prays that said James D. Ayers may be adjudged by the court to be the father of said child, and that he stand charged with the maintenance thereof, with the assistance of said complainant, and be further dealt with according to the statutes for such cases made and provided.

"By her attorney, Thomas M. Stimpson."

Before any evidence was offered, the respondent asked the judge to rule that the supplementary complaint was not duly or legally signed by any one authorized to sign it; but the judge ruled that the supplementary complaint was properly signed.

The respondent then requested the judge to rule that the allegations in the supplementary complaint were not sufficient, in that it did not state all the facts necessary to charge the defendant as the father of the bastard child, and that it did not state all the facts necessary to sustain the proceedings under the statute; but the judge declined so to rule.

The jury returned a verdict of guilty, and the respondent alleged exceptions.

*C. Sewall*, for the respondent, cited *Jones* v. *Thompson*, 8 Allen, 334; *Smith* v. *Hayden*, 6 Cush. 111.

*T. M. Stimpson*, for the complainant, was not called upon.

By the Court. The supplementary complaint in a bastardy process is not the foundation of the proceedings, but only an alle-

gation of the material facts with a view to a convenient and orderly trial. *Chapel* v. *White*, 3 Cush. 537. *Reed* v. *Haskins*, *ante*, 198. The objections to its form in this case are groundless. It is in the name of the complainant and signed by her attorney; and it alleges that the respondent is the father of her child, and begot her with child at a time and place which it states, and sets forth all the other facts necessary to charge him.

*Exceptions overruled.*