ON the twenty-third day of November, 1875, Mr. Justice WELLS died at Salem, having held the office of an associate justice of this court since the twenty-second day of September, 1866.

=====

OLIVE B. SABINS *vs.* BENJAMIN W. JONES.

Bristol. Oct. 28.— Nov. 27, 1875. MORTON, J., absent.

A justice of a District Court may receive a complaint, under the bastardy act, and issue a warrant, when the court is not in session.

A complaint under the bastardy act was addressed to the justice of a District Court and his certificate to the jurat contained the words "before said court," followed by his signature with his official description. The warrant issued on the complaint was signed by his name and official description. *Held,* that the complaint sufficiently appeared to be made to the justice and sworn to before him, and that he issued the warrant; and that it was to be presumed that he acted under his authority as justice, and that the court was not in session.

A supplementary complaint filed in the Superior Court, in a bastardy proceeding, need not be sworn to.

Evidence is not admissible, in a bastardy proceeding, that the complainant had criminal intercourse with men, other than the respondent, more than twelve months before the birth of her child.

At the trial of a complaint under the bastardy act, the respondent put in evidence the deposition of a witness, who testified on direct examination to having had intercourse with the complainant at a certain time. On reëxamination he testified to having seen the complainant having intercourse with other men at a time more than twelve months before the birth of her child. After the signature of the witness was a memorandum of the magistrate, who took the deposition, to the effect that after the counsel for the complainant had left, the witness wished to correct his statement as to the time mentioned in his direct examination, that the counsel for the complainant was recalled and objected, and the magistrate declined to make the correction. The respondent was found guilty, and a bill of exceptions was allowed, which stated that the judge excluded the reëxamination. *Held,* that the memorandum of the magistrate did not form part of the reëxamination, and that the bill of exceptions did not show that the memorandum was excluded.

COMPLAINT under the bastardy act, Gen. Sts. *c.* 72, to the justice of the Third District Court of Bristol, alleging that the complainant was then pregnant with child, which, if born alive, would be a bastard, accusing the respondent with being the father

of the child, and charging that the child was begotten on February 15, 1874, in Dartmouth. The jurat on the complaint was as follows : " Bristol ss. Received and sworn to on the fourteenth day of August, in the year of our Lord eighteen hundred and seventy-four, before said court.          Alanson Borden,
          " Justice of the Third District Court of Bristol."

The warrant issued on the complaint recited that the complaint had been made " on oath to' the' justice of the Third District Court of Bristol," and was signed by the judge with his official description.

In the District Court, the respondent moved to dismiss the complaint " because it appears to have been made to, and taken and issued by, Alanson Borden, justice of the Third District Court of Bristol, as such, and not by said court, nor a justice of the peace ; and therefore he moves that the same be dismissed and quashed, as issued by a person having no legal authority to issue the same in the capacity in which it was done." This motion was overruled ; the respondent was adjudged guilty and required to give bond for his appearance before the Superior Court.

In that court a supplementary complaint was filed but not sworn to, setting forth the previous proceedings, and alleging the birth of the child on November 10, 1874. The respondent moved to dismiss the supplementary complaint because it was not sworn to, and also moved to dismiss the original complaint for the reason before assigned. These motions were overruled by *Pitman*, J. The respondent was then tried.

The deposition of William P. Reed, taken on June 7, 187ʃ, was offered in evidence in behalf of the respondent. This witness testified that he had criminal intercourse with the complainant four times. In answer to the 9th interrogatory he fixed the time as in January and February, 1873. In answer to the 10th interrogatory he said it was " fourteen months from the past winter ; " and in answer to the 12th interrogatory that it was " a year ago last January or February."

Under the head of " Re-direct," the deposition contained interrogatories to and answers by the witness, to the effect that he had seen other men have criminal intercourse with the complainant " about a year ago last October." Then followed the signa-

ture of the witness and immediately after it was a memorandum of the magistrate, who took the deposition, to the effect that after the witness had signed, and after the counsel for the complainant had left, the witness asked to have the date in the answer to the 9th interrogatory changed from 1873 to 1874; that the counsel for the complainant was recalled and objected, and the change was not made.

" The counsel for the complainant objected to that part of said deposition headed ' Re-direct,' and the court excluded that portion of the deposition from being read to or going to the jury." The jury returned a verdict of guilty; and the respondent alleged exceptions.

*L. Lapham,* for the respondent.

*J. M. Morton, Jr.,* for the complainant.

ENDICOTT, J. The objections to the jurisdiction of the court were seasonably taken. It is contended that the justice of the District Court had no authority to receive the complaint and issue the warrant. But the District Court and the justice thereof have the same jurisdiction, power and authority as Police Courts and the justices thereof have under the Gen. Sts. *c.* 116. St. 1874, *c.* 293, §§ 1, 5. By the Gen. Sts. *c.* 116, § 16, the justice of a Police Court may receive complaints and issue warrants when the court is not in session; and this section applies to complaints under the bastardy act. *Richardson* v. *Burleigh,* 3 Allen, 479. It sufficiently appears that the complaint in this case was received by the justice, sworn to before him, and that he issued the warrant. Having authority to do this, it is to be presumed that he acted under that authority, and that the court was not in session at the time, although in form it is stated to be sworn to before the court. *Richardson* v. *Burleigh, ubi supra.*

Nor is it necessary that the supplemental complaint filed in the Superior Court should be sworn to by the complainant. Such complaint is not the foundation of the proceedings, but is rather a mode of stating the material facts and framing the issues to be tried in the Superior Court, and may be signed by the attorney of the complainant. *Burt* v. *Ayers,* 116 Mass. 263. *Reed* v. *Haskins,* 116 Mass. 198.

The reëxamination in the deposition of Reed was properly excluded. It related to acts of sexual intercourse, between the

complainant and other men, more than twelve months before the birth of the child, and was not admissible in evidence. *Paull* v *Padelford*, 16 Gray, 263. *Eddy* v. *Gray*, 4 Allen, 435. *Parker* v. *Dudley*, 118 Mass. 602.

The defendant contended at the argument in this court that the effect of the exclusion of the reëxamination was to exclude the memorandum of the magistrate showing that the witness wished to correct an error in his direct examination, relating to the time of his intercourse with the complainant. But this memorandum is no part of the reëxamination. That had been closed and the deposition signed before the memorandum was made. Even if the memorandum could properly be taken to be a part of the deposition, it relates only to the direct examination, and it does not appear from the bill of exceptions that it was excluded.                              *Exceptions overruled.*