HELEN L. RAY *vs.* HENRY C. COFFIN.

Nantucket. Oct. 24. — Nov. 27, 1877. LORD & SOULE, JJ., absent.

In a bastardy case, where it appears that no accusation was made in time of travail, evidence that the complainant had never accused any man but the respondent of being the father of her child, is inadmissible.

COMPLAINT under the bastardy act.

At the trial in the Superior Court, before *Brigham*, C. J., the complainant testified, and the evidence tended to show that, in the time of her travail, she did not accuse any person of being the father of the child, although inquiry was made of her. The complainant and her mother, who was present at the time of the complainant's travail, were allowed to answer, against the respondent's objection and exception, the question whether the complainant had ever accused any other person than the respondent of being the father of the child. They replied " No."

After a verdict of guilty, the respondent moved in arrest of judgment, on the ground that the supplemental complaint did not allege that the child was born a bastard. The judge overruled the motion ; and the respondent alleged exceptions.

*J. Brown*, for the respondent.

*A. Coffin*, for the complainant.

ENDICOTT, J. When a woman makes a complaint against a man, charging him with being the father of a bastard child, she may be a witness in support of her complaint; and if, in time of her travail, she accuses the same man of being the father of the child of which she is about to be delivered, and continues constant in her accusation, " the fact of such accusation in time of travail may be put in evidence upon trial to corroborate her testimony." Gen. Sts. *c.* 72, § 8. It is an accusation thus made and continued which may be put in evidence. And it may be

proved by her own testimony or that of other witnesses. *Reea* v *Haskins*, 116 Mass. 198. But, if no accusation in time of travail is made, there can be no evidence that she continued to make it. In that case the trial must proceed, as if there was no such provision of the statute by which her testimony may be corroborated. And she cannot be allowed to prove that she has been constant in an accusation which she never made.

This distinction was not observed at the trial. It appeared that the plaintiff did not in time of travail accuse the defendant; and she and her mother were permitted to testify that she had never accused any man but the defendant of being the father.

The exception to the admission of this evidence is well taken, and, as there must be a new trial, we are not required to pass upon the alleged defect in the supplemental complaint, which may be cured by amendment, if necessary.

*Exceptions sustained.*