NELLIE TACEY *vs.* JOHN F. NOYES.

Middlesex.   January 18. — 21, 1887.   HOLMES & GARDNER, JJ., absent.

The fact that the certificate of the oath to a complaint under the bastardy act, Pub. Sts. *c.* 85, which complaint recites that it was taken on oath "before the justice" of a certain police court, was made by the clerk, and states that the complaint was sworn to "before said court," raises a presumption that the oath was taken when the court was in session.

If a woman, after her bastard child is born but before the umbilical cord is severed, accuses a man of being the father of the child, this is an accusation "in the time of her travail" that he is the father of the child "of which she is about to be delivered," within the Pub. Sts. *c.* 85, § 16.

COMPLAINT under the bastardy act, Pub. Sts. *c.* 85, beginning as follows: "The voluntary complaint, examination, and

accusation of Nellie Tacey, of Lowell, in the county of Middlesex, single woman, taken on oath before the justice of the Police Court of Lowell;" and upon which was a certificate of the clerk, reciting that it was sworn to " before said court."

In the Superior Court, the respondent moved to dismiss the complaint, for the following reasons : "1. The said complaint was irregularly received and sworn to. 2. It appears by said complaint that the same was made before the justice of the Police Court of Lowell, and therefore the said justice, and not the clerk of said court, ought to have made the certificate of its being made and sworn to. 3. Because it does not appear that said complaint was properly received and sworn to, either before said police court or the justice thereof, or any person or court having authority to receive the same." This motion was overruled ; and the respondent excepted.

At the trial, before *Blodgett*, J., Solon Bartlett testified, for the complainant, that, on March 3, 1886, he was, and had been for some years, a practising physician ; that he was called on that day to attend the complainant, and found her apparently in labor pains ; that, in answer to his question, she then said that the respondent had begotten her with the child with which she was pregnant; that he could not tell at what hour of the day this was, whether early or late in the day ; that, on the next day, March 4, he was again called, and, when he reached the complainant, the child was born, but the umbilical cord had not been cut; that, before he cut the cord, he asked the complainant if she made the same statement then that she made before, that the respondent was the father of the child; and that, in answer to his question, the complainant said that she then made the same statement, that the respondent was the father of the child.

The respondent, who was not present at this conversation, objected to the admission of this testimony, on the ground that the complainant was not then in the time of her travail, and that she had then been delivered of the child. The judge overruled the objection, and admitted the testimony.

There was also evidence from the nurse who attended the complainant, that, in the time of her travail, the complainant said the respondent was the father of the child.

The jury returned a verdict of guilty; and the respondent alleged exceptions.

*G. A. A. Pevey & C. S. Lilley*, (*J. Crowley* with them,) for the respondent.

*N. D. Pratt & E. B. Quinn*, for the complainant.

C. ALLEN, J.   The respondent introduced no evidence to show that, in point of fact, the complaint was sworn to before the justice of the Police Court when the court was not in session; but contends that this must be assumed from the language of the complaint itself, the words being, " The voluntary complaint, &c., taken on oath before the justice of the Police Court of Lowell."   These words are consistent with its being sworn to either in court or out of court; and, if sworn to in court, the clerk was the proper person to make the certificate.   From the fact that the certificate was made by the clerk, and that it recites that the complaint was sworn to " before said court," a presumption arises that this was done in court.   *Richardson* v. *Burleigh*, 3 Allen, 479.   *Sabins* v. *Jones*, 119 Mass. 167.

The testimony of the complainant's accusation of the respondent was competent.   At the time the accusation was made, she had not been completely delivered of the child, within the meaning of the Pub. Sts. *c.* 85, § 16.*   In *Bacon* v. *Harrington*, 5 Pick. 63, the accusation apparently was made at a later stage of the operation than in the present case.

*Exceptions overruled.*

---

* " If, upon examination under section one, she accuses any man of being the father of such bastard child, and, being put upon the discovery of the truth respecting such accusation in the time of her travail, she accuses the same man of being the father of the child of which she is about to be delivered, and has continued constant in such accusation, the fact of such accusation in time of travail may be put in evidence upon the trial to corroborate her testimony."