LYRA F. LEONARD *vs.* ARTHUR W. BOLTON.

Bristol.   October 24, 1888. — November 28, 1888.

Present: MORTON, C. J., DEVENS, W. ALLEN, C. ALLEN, & KNOWLTON, JJ.

*Bastardy Complaint — Accusation by Complainant — Corroboration.*

At the trial of a complaint under the bastardy act, Pub. Sts. c. 85, the complainant's accusation of the respondent during her travail as the father of her child is competent evidence to corroborate her testimony, though no complaint was made or examination had till after the delivery of the child.

COMPLAINT, dated September 13, 1887, under the bastardy act, Pub. Sts. c. 85.

At the trial in the Superior Court, before *Thompson*, J., it appeared in evidence that the complainant was delivered of a bastard child on August 23, 1887 ; that the complainant at the time of her confinement, in response to a question put to her by her attending physician, said that the respondent was the father of her child ; that the complainant, at her examination before a magistrate at the making of the complaint, accused the respondent of being the father of the child, and, being put upon discovery of the truth respecting such accusation in the time of her travail, accused him of being the father of the child; and that she had continued constant in such accusation.

The judge, at the request of the defendant, ruled that, the accusation and examination before the magistrate being after the birth of the child, the complainant's accusation during the time of her travail could not be used to corroborate her testimony.

The jury returned a verdict of not guilty; and the complainant alleged exceptions.

*F. H. Williams*, for the complainant.

*J. Brown*, for the respondent.

C. ALLEN, J.　For more than one hundred years it has been the law of Massachusetts that a woman might make a complaint for bastardy after the birth of the child, and be a competent witness on the trial, provided she accused the same person in the time of her travail and continued constant in such accusation, and duly prosecuted him thereafter.　St. 1785, c. 66, § 2.　Rev. Sts. c. 49, §§ 1, 3.　Gen. Sts. c. 72, §§ 1, 8.　Pub. Sts. c. 85, §§ 1, 16.　And since the Gen. Sts. c. 72, § 8, it has not been necessary that she should have accused him in time of travail, but such accusation, if made, is admissible to corroborate her testimony.

In *M'Managil* v. *Ross*, 20 Pick. 99, which was before the change of the law by the adoption of the General Statutes, it was contended that, in cases where the woman has not made her complaint to a magistrate before · the birth of the child, she might testify upon the trial although she did not accuse the respondent in the time of her travail ; but the court held that in this respect there was no distinction between the cases where she made her complaint after the birth of the child, and those where she made the complaint before such birth.　" In either case, to make her a competent witness under the statute, it

must appear by evidence *aliunde*, that she did accuse the defendant as the father of her child, whilst her mind was impressed and solemnized by the pains of child-birth and the fear of death."

The respondent in the present case contends that, although the woman was a competent witness, yet her accusation in time of travail could not be used to corroborate her testimony; and it was so ruled by the court. But this construction of the statute rests upon too literal a reading of its provisions. The Pub. Sts. c. 85, § 1, provide that, "when a woman who has been delivered of a bastard child, or is pregnant with a child which if born alive may be a bastard, makes a complaint to a police, district, or municipal court, or trial justice, and desires to institute a prosecution against the person whom she accuses of being the father of the child, the court or trial justice shall take her accusation and examination, in writing under oath," etc. Section 16 provides that upon the trial she shall be admitted as a witness in support of the complaint; and " if, upon examination under section one, she accuses any man of being the father of such bastard child, and, being put upon the discovery of the truth respecting such accusation in the time of her travail, she accuses the same man of being the father of the child of which she is about to be delivered, and has continued constant in such accusation, the fact of such accusation in time of travail may be put in evidence upon the trial to corroborate her testimony."

The respondent contends that the words " being put upon the discovery of the truth respecting such accusation," imply a previous accusation, and entirely fail unless there has been a previous accusation before a court or trial justice. But this is not the true construction of the words. They mean, being put upon the discovery of the truth respecting the same substantial charge or accusation, namely, that the defendant is the father of the child. If in the time of her travail she accuses the respondent of being the father of the child, and if upon her examination before the court or trial justice she makes the same accusation against the same man, and if she continues constant in that accusation, then her accusation in time of travail may be put in evidence to corroborate her; and it makes no difference whether the accusation in time of travail is before or after the accusation before the court or trial justice.           *Exceptions sustained.*