DELIA LENAHEN *vs.* JOHN DESMOND.

Worcester.   October 4, 1889. — November 30, 1889.

Present: MORTON, C. J., FIELD, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Bastardy Process — Supplemental Complaint — Waiver — Arrest of Judgment.*

A complaint under the bastardy act, Pub. Sts. c. 85, was not made to the district court till after the birth of the child, but contained an averment of every fact necessary to charge the respondent.   At the trial in the Superior Court, on appeal, there was a verdict of guilty, after which the respondent filed a motion in arrest of judgment, raising for the first time the objection that no supplemental complaint had been filed, and that the trial without it was error.  *Held,* that no supplemental complaint was necessary to give the Superior Court jurisdiction; that the objection was not seasonably taken, and the omission to insist upon it before verdict was a waiver; and that the motion was properly overruled.

COMPLAINT, dated March 1, 1888, under the· bastardy act, Pub. Sts. c. 85, to the Second District Court of Eastern Worcester, alleging that Delia Lenahen of Harvard in the county of Worcester, on February 10, 1888, " was delivered of a female child, which said child was born alive, is still living, and was born a bastard, and she, said Delia Lenahen, accuses John Desmond of said Harvard in said county of Worcester, living and having his usual place of business within the judicial district of said court, against whom she desires to institute a prosecution of being the father of said child, and that he did beget her with child in said Harvard, on or about the 12th day of June in the year eighteen hundred and eighty-seven, at said Harvard."

Trial n the Superior Court, on appeal, before *Hammond*, J., who allowed a bill of exceptions, in substance as follows.

No supplemental complaint was filed. The respondent's attorney, after the papers were read and before any witnesses were called, asked the complainant's attorney where the supplemental complaint was; to which reply was made in accordance with the fact, that the child was born before the original complaint was made. The trial proceeded, and the case, under instructions to which no exception was taken, was submitted to the jury, who returned a verdict of guilty. After verdict and before judgment, the defendant filed a motion in arrest of judgment, on the ground, then for the first time urged, that no supplemental complaint had been filed, and that the trial without it was error. The judge found that the filing of a supplementary complaint had been waived by the respondent, and overruled the motion; and the respondent alleged exceptions.

*F. P. Goulding*, for the respondent.

*J. W. Corcoran*, for the complainant.

C. ALLEN, J. No statute requires the filing of a supplemental complaint in the Superior Court. It is not essential in order to give jurisdiction, and the method of averring the facts and of presenting the issue by means of a supplemental complaint has been adopted in practice as a mere matter of convenience. *Chapel* v. *White*, 3 Cush. 537. *Burt* v. *Ayers*, 116 Mass. 263. *Easdale* v. *Reynolds*, 143 Mass. 126. Accordingly, it has been held that the supplemental complaint need not be sworn to; *Sabins* v. *Jones*, 119 Mass. 167; that it may be signed by attorney; *Burt* v. *Ayers*, 116 Mass. 263; that it may be filed at any term; *Reed* v. *Haskins*, 116 Mass. 198; and that it may be amended. *Jones* v. *Thompson*, 8 Allen, 334. *Hawes* v. *Gustin*, 2 Allen, 402. In *Rice* v. *Chapin*, 10 Met. 5, the complaint made before the magistrate contained no averment that the prosecutrix accused the respondent in the time of her travail, which it was then necessary for her to do. No supplemental complaint was filed in the Court of Common Pleas, and, objection being made on this ground, that court held that none was necessary; but, on a hearing of the exceptions, this court held that, since no prosecution could be supported without proof of that fact, it ought to be distinctly alleged, and that, since the

objection was seasonably taken, the case should be remanded to the Court of Common Pleas for trial, after a proper complaint should be filed. But the law is now different, and ever since the passage of the Gen. Sts. c. 72, § 8, it has been unnecessary for the prosecutrix to accuse the respondent in the time of her travail. *Leonard* v. *Bolton*, 148 Mass. 66. The complaint before the district court in the present case was not made till after the birth of the child, but it contained an averment of every fact necessary to charge the respondent. There was therefore no occasion to require the formality of a new complaint.

Besides, the objection that there was no supplemental complaint was not seasonably taken. If the objection had been insisted on before verdict, the court might have allowed such complaint to be filed then. The omission to insist upon the objection was a waiver of it. *Gould* v. *Hawkes*, 1 Allen, 170. *Parker* v. *Parker*, 146 Mass. 320.

Moreover, the Pub. Sts. c. 167, § 82, provide that a judgment shall not be arrested for a cause existing before the verdict, unless such cause affects the jurisdiction of the court. The want of a supplemental complaint did not affect the jurisdiction of the court, and the above provision of the statutes is applicable to bastardy cases. *Thompson* v. *Kenney*, 110 Mass. 317. *Duhamell* v. *Ducette*, 118 Mass. 569.

For all these reasons, the motion in arrest was properly denied.                               *Exceptions overruled.*