Terry v. The People.

Mr. Justice WRIGHT took no part.

---

## A. R. Terry v. The People.

1.  BASTARDY—*Practice in Appellate Court.*—The fact that the prosecutrix is not an unmarried woman, can not be raised for the first time in the Appellate Court.

2.  INSTRUCTIONS—*Credibility of Witnesses.*—It is error in a bastardy

case to instruct the jury that they are to judge of the credibility of the prosecutrix as a witness from her whole testimony and demeanor while on the witness stand, including her explanations for her statements made out of court, as confining them to her testimony and demeanor while on the witness stand, including her explanations for the contradictory statements which she had made out of court, in passing upon her credibility as a witness.

**Bastardy Proceedings.**—Trial in the County Court of Menard County; the Hon. J. A. McCOMAS, Judge, presiding. Verdict and judgment for plaintiff; appeal by defendant. Heard in this court at the November term, 1898. Reversed and remanded. Opinion filed February 7, 1899.

T. W. McNEELY and WATKINS & GOLDEN, attorneys for appellant.

The plaintiff must prove by the evidence in the case that the complaining witness was unmarried when the child was born. The People v. Volksdorf, 112 Ill. 292.

When the evidence is conflicting, or where the evidence seems to preponderate against the verdict, care must be taken to accurately instruct the jury. West Chicago St. Ry. Co. v. Dougherty, 170 Ill. 379; Pittman v. Pittman, 72 Ill. App. 500.

The credibility of complaining witness in a bastardy case is peculiarly appropriate for the consideration of the jury. Wilson v. The People, 26 Ill. 434.

A recognized mode of impeaching the credit of a witness is by proof that he or she has made statements out of court contrary to what he or she has testified to at the trial. Craig v. Rohrer, 63 Ill. 325.

JOHN M. SMOOT and CHARLES NUSBAUM, attorneys for appellee.

Under the decision of our courts the jury had a right to infer that complainant was an unmarried woman when the child was born. Durham v. People, 49 Ill. 233; Cook v. People, 51 Ill. 143; La Plant v. People, 60 Ill. App. 340.

Appellant having failed to raise this question in the court below, is estopped from doing so in this court. Webb v. Alton Marine & Fire Ins. Co., 5 Gil. 225.

MR. JUSTICE HARKER delivered the opinion of the court.

This was a bastardy proceeding instituted upon the complaint of Flora B. Carter, charging appellant with being the father of her bastard child.

Upon a trial in the County Court, appellant was found to be the father of the child, and a judgment was entered requiring him to pay for its support $100 for the first year and $50 for each of the nine years following.

We are not disposed to look with favor upon the contention that the judgment must be reversed for the reason that there was no evidence showing that the prosecutrix was an unmarried woman. That question is raised for the first time in this court, and is urged in the face of evidence that she entered the service of his mother when but sixteen years of age; that she continued in her service as a family domestic for nearly three years and did not leave it until a short time before she was confined; that during that time she received the attentions of young men to and from social gatherings, and otherwise conducted herself as a young unmarried woman; that the sworn complaint made by her stated that she was an unmarried woman and that the bond executed by him recited that she was. See Durham v. People, 49 Ill. 233; Cook v. People, 51 Ill. 143.

There was the usual conflict in a contested case of this kind, the prosecutrix swearing and the defendant denying the acts of sexual intercourse and the paternity of the child. There was also introduced upon the trial a letter written by the prosecutrix to the defendant's mother, in which she stated that the defendant was not guilty of sexual intercourse with her and had never had anything to do with her in that line. She made the same statement to a young lady acquaintance. She acknowledged the authorship of the letter and the making of the statement to the young lady, but explained that she was induced to write the letter and make the statement by the defendant.

The case for the prosecution depended entirely upon the testimony of the prosecutrix. In addition to the conflict between her and the defendant, and the statements con-

tained in the letter and the conversation had with her lady acquaintance she was contradicted by other witnesses on several minor points. There was a disputed variance between her testimony and that given by her on a former trial of the case, also. It was a case calling in high degree for accuracy of instructions, and especially so as to the credibility of witnesses. In the fifth instruction given for the prosecution the jury were told that they should judge of the credibility of Miss Carter as a witness "from her whole testimony and demeanor while on the witness stand, including her explanations for her statements made out of court." It was error to confine the jury to her testimony and demeanor while on the witness stand, including her explanations for the contradictory statements which she had made out of court, in passing upon her credibility as a witness. They should have been left free to consider her contradictory statements made out of court, the disputed contradictory testimony given by her on the former trial and the testimony of witnesses who were in conflict with her. The error in giving this instruction is sufficient, under the circumstances, to call for a reversal of the judgment.

Reversed and remanded.