## The People of the State of Illinois, Appellee, v. Henry P. Suhling, Appellant.

## Gen. No. 7,236.

1. BASTARDS—*jurisdiction of bastardy proceedings.* The county court was not deprived of its jurisdiction to try bastardy cases, conferred by the Bastardy Act of 1872 by the provisions of the amendment of 1919 thereto, Cahill's Ill. St. ch. 17, ¶ 3, conferring jurisdiction to try such cases upon courts having jurisdiction of cases coming within the terms of the Act of 1899 relating to dependent, neglected or delinquent children "with other courts of competent jurisdiction," which by section 2 of the Act of 1899, Cahill's Ill. St. ch. 23, ¶ 320, includes circuit and county courts.

2. BASTARDS—*jurisdiction of county courts in bastardy proceedings not dependent upon amount of judgment.* The county court has jurisdiction of a bastardy proceeding notwithstanding the amount of the judgment exceeds $1,000, under the Constitution, art. VI, sec. 18, conferring upon such courts original jurisdiction in certain specified particulars and also "such other jurisdiction as may be provided for by general law," and the provisions of the Bastardy Act.

3. BASTARDS—*when filing of supplemental complaint after birth of bastard not jurisdictional.* A county court had jurisdiction to render judgment against defendant in a bastardy proceeding, notwithstanding no supplemental complaint was filed by the prosecutrix after the birth of her child, where the preliminary complaint contained every requisite element and defendant filed a plea of not

guilty thereto which directly raised the issue of his paternity of the bastard, and where he thereafter went to trial in the county court on such complaint and plea without any objection to the sufficiency of the complaint originally made to the justice of the peace.

4. BASTARDS—*validity of judgment not dependent upon provision to whom amount payable.* A judgment against the father of a bastard requiring him to pay a specified sum annually is not objectionable for failure to provide to whom the amount is payable where it provides, in accordance with the statute, the amount to be paid, the times of payment, that a bond shall be given to secure payment and that upon failure to furnish bond the penalty provided by law shall be imposed.

Appeal by defendant from the County Court of Lake county; the Hon. PERRY L. PERSONS, Judge, presiding. Heard in this court at the April term, 1923. Affirmed. Opinion filed January 7, 1924. Rehearing denied April 2, 1924.

MILES J. DEVINE, for appellant; W. G. ANDERSON, of counsel.

ASHBEL V. SMITH, State's Attorney, for appellee; SIDNEY H. BLOCK and GEORGE W. FIELD, of counsel.

MR. JUSTICE JETT delivered the opinion of the court.

This suit is prosecuted under what is known as the Bastardy Act. The proceeding was commenced before a justice of the peace by the filing of a preliminary complaint, as required by the statute, in which complaint Helen Mae Hill charged that she was an unmarried woman, was pregnant with child, which by law would be deemed a bastard, and that Henry P. Suhling, the appellant, was the father of the child.

Upon a hearing, based upon the complaint before the justice of the peace, appellant was bound over to the next succeeding term of the county court of Lake county, and on December 19, 1922, an issue was joined by appellant entering a plea of not guilty to the complaint of the said Helen Mae Hill. A trial was had in the county court which resulted in a finding by the jury against appellant, that he was guilty in manner

and form as charged, and that the complaining witness had been delivered of a bastard child in the county of Lake; that said complaining witness, at the time of the delivery of said child, was an unmarried woman, and said child was then living, and appellant was the father of said child.

Motions for a new trial and in arrest of judgment were made and each overruled by the court, and judgment was entered providing for the payment of $200 for the first year after the birth of the child, and the further sum of $100 yearly for nine years next succeeding the first year for the support, maintenance and education of said child; and the defendant was required to enter into a statutory bond payable to the People, from which judgment appellant prosecutes this appeal.

A number of reasons are assigned for a reversal of the judgment. It is urged by appellant that the court was without jurisdiction to hear and determine the issues involved. It is insisted that by reason of the amendment to the Bastardy Act, as amended in 1919, the county court was without jurisdiction to hear the case. Appellant contends that by the amendment to said Act jurisdiction to try cases of this character was taken from the county court and given to the court having jurisdiction to try dependent, neglected, delinquent children cases. In order to dispose of this contention it will be necessary to notice the amendment. Section 3 of the Act, as amended in 1919 [Cahill's Ill. St. ch. 17, ¶ 3], provides, among other things, that upon the hearing of the complaint filed by the woman in which she charges that she is pregnant, and the justice or judge with whom the complaint has been lodged is of the opinion that sufficient cause appears, it shall be his duty to bind the person so accused in bond, with sufficient security, to appear at the next term of the court having jurisdiction in such county.

Section 4 of the Act, as amended [Cahill's Ill. St.

ch. 17, ¶ 4], provides that the court having jurisdiction of cases coming within the terms of an Act entitled, " 'An Act relating to children who are or may hereafter become dependent, neglected or delinquent * * * and to provide for the treatment, control, maintenance, adoption and guardianship of the persons of such children,' approved April 21, 1899, in force July 1, 1899, as amended, shall, with other courts of competent jurisdiction, have jurisdiction in the trial of all cases arising under the terms of this act."

Section 2 of the Act last above mentioned, approved April 21, 1899, and in force July 1, 1899, as amended [Cahill's Ill. St. ch. 23, ¶ 320], provides: "The circuit and county courts of the several counties in this State shall have original jurisdiction in all cases coming within the terms of this Act. * * *"

It is conceded by appellant that the Bastardy Act of 1872, which was in force prior to the time of the amendment of 1919, conferred jurisdiction upon the various county courts to try suits of this character. By reason of the amendment, instead of depriving the county courts of jurisdiction, jurisdiction was extended to other courts. There is nothing in the amendment that indicates that it was the intention of the legislature, by the amendments of 1919, to deprive county courts of jurisdiction to hear and determine bastardy cases. We are clearly of the opinion that this contention of appellant is without merit.

It is also insisted by appellant that the trial court did not have jurisdiction for the reason that the amount of the judgment entered was in excess of $1,000. With this insistence we cannot agree.

It will be observed that article VI of section 18 of the Constitution of 1870 provides: "County courts shall be courts of record, and shall have original jurisdiction in all matters of probate, settlement of estates of deceased persons, appointment of guardians and conservators, and settlements of their accounts, in all matters relating to apprentices, and in proceedings for

the collection of taxes and assessments, *and such other jurisdiction as may be provided for by general law.*" From this constitutional provision we take it that the legislature had a right to confer upon county courts jurisdiction to try bastardy suits, even though the amount authorized to be recovered exceeded the common-law jurisdiction of county courts.

In the case of *People v. Woodside,* 72 Ill. 407, the jurisdiction of the county court was questioned for the same reason it is questioned in the case at bar. At the time of the hearing of the *Woodside* case, $550 could be recovered in a bastardy proceeding. The contention of Woodside was that the amount authorized deprived the county court of jurisdiction for the reason that the county court in civil causes had jurisdiction not to exceed $500. In the decision of the *Woodside* case, at page 410, the court said: "We apprehend there can be no doubt but by this act the county court is vested with full power and jurisdiction to hear and determine a case of bastardy. It is, however, insisted that the act to increase the jurisdiction of county courts, in force July 1, 1872, deprives the county court of jurisdiction in cases of bastardy, for the reason that this act limits the jurisdiction of county courts in civil cases to $500, and where a conviction is had in a bastardy case, the act provides for a judgment of $550. The two acts are in no sense inconsistent, but are entirely harmonious. The Bastardy Act confers jurisdiction on the county court. In addition to this jurisdiction, the first section of the County Court Act confers jurisdiction on the county court in all that class of cases where justices of the peace have jurisdiction, where the amount claimed or value of the property in controversy shall not exceed $500. The second section confers jurisdiction concurrent with the circuit court in appeal cases. The third gives jurisdiction in certain criminal cases and misdemeanors. There is no section of the County Court

Act that can be construed as repugnant or contrary to the Bastardy Act.''

We are therefore of the opinion that there are two separate classes of cases in which the county court has jurisdiction: First, those cases enumerated in article VI of the Constitution; and second, in those cases where jurisdiction is specially conferred on the county court by enactment of the general law, authorized and permitted by said article VI of the Constitution. *In Re Mortenson's Estate,* 248 Ill. 520, the court held: ''The legislature may confer any jurisdiction on the county court which may be deemed advisable. Under section 18 of article VI of the Constitution, providing that county courts shall have jurisdiction of certain specified matters, and such other jurisdiction as may be provided for by general law.'' We therefore hold that the county court had conferred upon it the power to hear and determine this proceeding, notwithstanding the fact that the judgment exceeded the sum of $1,000.

It is also argued by appellant that this case should be reversed because of the fact no supplementary complaint was filed in the county court alleging the birth of the child; that after. the birth of the child, and before the trial, there should have been a new complaint filed in order that a proper issue could be submitted to the jury, and on account of a failure to file such supplemental complaint the court was without jurisdiction to hear the cause, and render judgment therein. The complaint lodged with the justice of the peace by the prosecuting witness, after stating the venue to be in Lake County, Illinois, is as follows: ''Helen Mae Hill, of the City of Milwaukee, in the county of Milwaukee and State of Wisconsin, being duly sworn, on her oath states to Walter A. Taylor, a justice of the peace in and for said county, that she is an unmarried woman, and that she is now pregnant with child, which by law would be deemed a bastard;

that Henry P. Suhling, of the City of Libertyville, is the father of the child.''

When the cause was placed upon the trial calendar and before the jury was impaneled and sworn to try the case, appellant entered a plea of not guilty. No question was raised during the progress of the trial, nor previous to the trial, that no supplemental complaint had been filed. Section 4 of the Bastardy Act, as amended in 1919, provides, among other things, that the court shall cause an issue to be made up, whether the person charged is the real father of the child or not. In the complaint the prosecuting witness charged that appellant was the father of her child with which she was then pregnant. The trial in the county court could not be had until the birth of the child. The entering of the plea of not guilty by appellant put in issue the question as to who was the father of the child. The finding of the jury is proof abundant of the fact that the question as to who was the father of the child was submitted to the jury. The verdict is as follows: ''We, the jury, find the defendant guilty in manner and form as charged in the complaint, and that the complaining witness has been delivered of a bastard child in the county of Lake and State of Illinois; that said prosecuting witness at the time of the delivery of the child was an unmarried woman; that said bastard child is now living, and that the defendant is the father of said child.''

In the case of *People v. Woodside, supra,* it was the contention of the appellant that the county court failed to have an issue made up before proceeding to a trial of the cause. In disposing of that objection, the court on page 410 said: ''The court had before it the sworn complaint which showed the complete character of the charge against the defendant. To this complaint the record shows a plea of not guilty; and while the issue thus made up is not as formal as it might be, we regard it as sufficient.''

Moreover, objections to the sufficiency of a complaint in a proceeding in bastardy should be made in the trial court, and it can be amended at any time during the progress of the trial, and in the discretion of the court. *Cook v. People*, 51 Ill. 143; *Maynard v. People*, 135 Ill. 416; *People v. Burtis*, 209 Ill. App. 514.

If a proceeding in a prosecution for bastardy is irregular as to the filing of a supplemental complaint, after the beginning of the trial, such irregularity is waived where the defendant proceeds to trial without objection. *People v. Anders*, 173 Ill. App. 561. On the question of filing a supplemental complaint, appellant cites a number of authorities of other States, especially from the State of Massachusetts. The Massachusetts cases relied upon by appellant are decisions that were rendered in an early day, and when the statute was different from what the Massachusetts statute is at the present time. In the late case of *Lenahen v. Desmond*, 150 Mass. 292, 22 N. E. 903, the court discusses the question of supplemental complaints in bastardy suits, and the cases relied upon by appellant are discussed, and among other things the court said, after alluding to earlier cases in the State: ''But the law is now different, and ever since the passage of Gen. St. ch. 72, sec. 8, it has been unnecessary for the prosecutrix to accuse the defendant in the time of her travail. * * * Complaint in the district court in the present case was not made until after the birth of the child, and it averred every fact necessary to charge the defendant. There was therefore no occasion to require the formality of a new complaint. Besides, the objection that there was no supplemental complaint was not seasonably made. If the objection had been insisted upon before a verdict, the court might have allowed such complaint to be filed then. The omission to insist upon the objection was a waiver of it.''

The objection that the court was without jurisdic-

tion because no supplemental complaint had been filed and no proper issue was joined is without merit: First, because the entering of the plea of not guilty to the complaint as filed with the justice of the peace put in issue directly the question as to whether or not appellant was the father of the child of the prosecutrix. Second, because of the fact that appellant went to trial without making any objection to the complaint that had originally been made to the justice of the peace, to which appellant entered his plea of not guilty. Had any objection been made to the complaint, this being in effect a civil suit so far as the manner of procedure is concerned, the court could have allowed a supplemental complaint to have been filed at any time.

It is also urged by appellant that the evidence is insufficient to sustain a conviction, and that the guilt of appellant was not proven by a preponderance of the evidence. The evidence was conflicting, as it is in almost every trial of this character. Appellant, on the trial of the case, denied that he ever kept company with the complaining witness; on this point he was clearly contradicted by a number of witnesses. We have gone through this record and carefully examined the testimony of all the witnesses, and we are of the opinion that the jury were authorized to find as they did.

In conclusion, appellant insists that the judgment is wrong, inasmuch as it does not provide to whom the amount is payable. The judgment provides in accordance with the statute the amount to be paid, when the same should be paid, and that a bond to secure the payment of same be furnished, and also upon failure to furnish bond the penalty provided by law to be imposed. The judgment is such as is contemplated and provided by statute.

We are of the opinion that appellant has had a fair trial; that no prejudicial error intervened. We conclude, therefore, that the judgment of the court below should be affirmed, which is accordingly done.

*Judgment affirmed.*